[Sac. No. 540. Department One.—September 29, 1899.]

CITY OF TULARE, Appellant, v. W. H. HEVREN et al., Respondents.

ACTION UPON BOND OF LIQUOR SELLER—MUNICIPAL ORDINANCE—JURISDICTION OF SUPERIOR COURT.—The superior court has jurisdiction of an action to recover the sum of one thousand dollars for breach of a bond for that sum, which was exacted as a condition of granting a license to sell liquors under a municipal ordinance, and which provided that the applicant should conduct the business in a quiet, orderly and reputable manner, and not permit any disturbance of the public order or decorum by any noisy, riotous or disorderly conduct.

ID.—CONSTRUCTION OF MUNICIPAL CORPORATION ACT—JURISDICTION OF RECORDER'S COURT.—The action upon such bond is not an action to recover a fine, penalty or forfeiture for breach of the municipal ordinance, nor is it founded upon any obligation or liability created by the ordinance, nor is it a prosecution for the violation of the ordinance, within the provisions of section 806 of the municipal incorporation act, giving exclusive jurisdiction to the city recorder's court in such cases.

ID.—CONSTITUTIONAL JURISDICTION OF SUPERIOR COURT—POWER OF LEGISLATURE.—The jurisdiction of the superior courts is conferred by the constitution, and cannot be taken away by any act of the legislature.

ID.—TEST OF JURISDICTION.—The amount claimed in the complaint is the test of the jurisdiction of the superior court.

ID.—INSUFFICIENT PLEADING OF MUNICIPAL ORDINANCE.—A complaint on a bond of a liquor seller, given in pursuance of a municipal ordinance, does not sufficiently plead the ordinance by merely describing it as a certain numbered ordinance of the city, without referring to it by its title, or the date of its passage, or setting it out, or giving the substance of it.

ID.—JUDICIAL NOTICE—SPECIAL LEGISLATION—CONSTITUTIONAL LAW.—The provision of section 765 of the municipal corporation act, to the effect that in cities of the fifth class it shall not be necessary in any action, civil or criminal, to plead or prove the existence or validity of any ordinance thereof, and that courts shall take judicial notice thereof without proof, is special legislation regulating the practice of courts of justice, and in a case where a general law can be made applicable, in violation of section 25 of article IV of the constitution.

APPEAL from a judgment of the Superior Court of Tulare County. Wheaton A. Gray, Judge.

The facts are stated in the opinion.

C. R. Scott, and E. T. Cosper, for Appellant.

G. W. Zartman, and Power & Alford, for Respondents.

COOPER, C.—The court below sustained a demurrer to the complaint, and plaintiff declined to amend. Judgment was thereupon entered for defendants. Plaintiff appeals from the judgment. The complaint shows substantially that ordinance No. 66 of the plaintiff requires all parties desiring to obtain a license for the purpose of conducting the business of selling spirituous liquors at retail in the city of Tulare to file with the board of trustees a recommendation by parties owning real estate within the block where the business is to be conducted, to the effect that the applicant is a person of good moral character and a suitable person to conduct a place where spirituous liquors are sold. That as a further condition precedent to issuing such license, the applicant shall give a sufficient bond in the sum of one thousand dollars, conditioned that he shall conduct the business in a quiet, orderly, and reputable manner, and not permit any disturbance of the public order or decorum by any noisy, riotous, or disorderly conduct. On November 4, 1895, the defendant Hevren filed his recommendation and bond in the form and as prescribed by said ordinance, and the defendants, Gerhardy and Finegan, became sureties on said bond. A license was thereupon issued to defendant Hevren. The bond is in the sum of one thousand dollars, and provides that Hevren shall conduct the said business in a quiet, orderly, and reputable manner, and shall not permit any disturbance of the public order or decorum by any noisy, riotous, or disorderly conduct, and that if Hevren fails to comply with said conditions in any respect, the bond shall be in full force and effect. That after the issuance of the said license and the execution of said bond, said Hevren did not conduct the business as provided for in said bond and ordinance, but conducted said business "in a riotous and disorderly manner, and so that his place of business was the scene of frequent broils, quarrels, and fights, and disturbances of the public order and peace, and a place of gathering of boisterous crowds to such an extent as to obstruct travel about the place." That such disturbances and noisy and disorderly conduct became a nuisance. That a complaint in writ-

ing was filed by the city marshal, alleging such misconduct on the part of Hevren, and the board of trustees of plaintiff, after duly notifying said Hevren and hearing witnesses, found and determined by a resolution entered on the records of the plaintiff that such charges were fully sustained by the evidence, and thereupon the said board of trustees duly revoked the license of Hevren and declared the said bond forfeited to the plaintiff. The complaint asked for the recovery of one thousand dollars against defendants upon the said bond. The defendants demurred to the complaint upon various grounds. No questions are argued here except those raised by the demurrer, and no others will be discussed.

· 1. The first point urged by defendants, and upon which it is said the court below sustained the demurrer, is that the court had no jurisdiction of the subject of the action. We are cited to no authority in support of the proposition except section 806 of the municipal corporation act (Deering's Cal. Gen. Laws, p. 873), which provides that the city recorder's court "shall have exclusive jurisdiction of all actions for the recovery of any fine, penalty, or forfeiture prescribed for the breach of any ordinance of such city, of all actions founded upon any obligations or liability created by any ordinance, and of all prosecutions for any violation of any ordinance." It does not appear to us that this case is within any of the provisions above quoted. It is not an action to recover a fine, penalty, or forfeiture for the breach of an ordinance of the plaintiff. It is not founded upon any obligation or liability created by any ordinance, and is not a prosecution for the violation of an ordinance. It is an action to recover upon the contract made by defendants with the plaintiff. The jurisdiction of the superior courts is given by the constitution and cannot be taken away by the legislature even if they had attempted to do so by the provisions of said section 806. Under the constitution of this state, superior courts have jurisdiction "in all cases in which the demand, exclusive of interest or the value of the property in controversy, amounts to three hundred dollars." It has long been settled that the amount claimed in the complaint is the test of the jurisdiction of the superior court. The amount claimed in the complaint in this case being one thousand dollars, and upon

a written contract, the superior court had jurisdiction.   Section 753 of the said municipal corporation act gives the board of trustees the power to fix the amount of the bonds to be given respectively by the clerk, treasurer, city attorney, and marshal; and if the amount of the bond should be fixed at three hundred dollars or more, and if defendants' contention is correct, then the superior court would not have jurisdiction of any suit brought upon such bond when the amount so fixed was three hundred dollars or over.   The board of trustees of such city has power, under section 764 of the said act, to purchase real estate for municipal purposes, to contract for supplying the city with water and electric lights, to build bridges, to lay out and repair streets, to construct sewers, and to purchase fire engines, besides many other things.   If the contention of defendants is correct, the superior court would have no jurisdiction in any of said matters where the amount of the obligation so incurred would exceed three hundred dollars. We do not think such is the law.

2. It is claimed that the complaint does not state facts sufficient to constitute a cause of action, and that it is uncertain, for the reason that the said ordinance is not referred to either by its title or the date of its passage, and not set out *in haec verba*, and we think the claim will have to be sustained.   The ordinance is attempted to be pleaded by referring to it as "that certain ordinance of said city of Tulare known as ordinance No. 66."   It is provided in our code (Code Civ. Proc., sec. 459): "In pleading a private statute, or a right derived therefrom, it is sufficient to refer to such statute by its title and the day of its passage."   (See Pen. Code, sec. 963.)   In this case we have no allegation as to the title nor the day of the passage of the ordinance.   The ordinance is not set forth, nor the substance of it given, and therefore is not sufficiently pleaded.   (Dillon on Municipal Corporations, sec. 346; *Ex parte Davis*, 115 Cal. 447.) The plaintiff does not deny the general proposition, but claims that it was not necessary to plead the ordinance by reason of the provisions of section 765 of the municipal corporation act, which provides in regard to cities of the fifth class (to which plaintiff belongs): "It shall not be necessary in any action, civil or criminal, to plead or prove the . . . . existence or valid-

ity of any ordinance thereof, and courts shall take judicial cognizance thereof without proof." The portion of the section quoted is broad enough to include this case, but it is challenged as being unconstitutional, for the reason that it is special legislation. Our constitution, article IV, section 25, provides that the legislature shall not pass local or special laws in any of the following enumerated cases: "3 Regulating the practice of courts of justice; . . . . 33. In all other cases where a general law can be made applicable."

We think the portion of the section of the municipal corporation act is obnoxious to both constitutional objections.

The general municipal corporation act provides for the incorporation as a municipal corporation of any portion of a county containing not less than five hundred population, and divides and classifies the municipal corporations that exist or that may be created under the act into six classes, according to population. It is conceded that the provisions of section 765 hereinbefore quoted do not apply to any other than the fifth class of municipal corporations. It relates to pleading in courts of justice, and applies only to the few municipal corporations of the state that may belong to the fifth class. If the rule laid down is a good rule of pleading, why not give the other five classes of municipal corporations of the state the benefit of its privileges? If it is a pernicious rule, why should corporations of the fifth class alone be burdened with it? No reason occurs to us, and none is suggested by counsel, why a general law could not be made applicable in regard to pleading an ordinance of a municipal corporation, no matter to which class it may belong.

It was the object of the framers of our constitution to prevent vicious legislation, for private ends, and not for the public interests. A vicious measure might often be passed in an apparently harmless provision of a local or private statute. It was also intended that the laws for the protection of the citizens of the state and the protection of their property should be made uniform, consistent, and harmonious, that privileges given to one should be enjoyed by all, and burdens should be placed on all alike. With these objects, among others, the framers of our constitution, in their wisdom, adopted the salutary provisions above quoted, and legislatures are not at liberty to disregard

them, and, if they do, the duty of the court is manifest. It has been uniformly held that the legislature may classify the counties of the state by population in order that the legislation may be adapted to the needs of the people. It may also provide for the incorporation of towns and cities, and classify them according to population. But all laws of a general nature should apply to each class of such corporations, unless there is some reason why it should not.

In *Cullen v. Glendora Water Co.*, 113 Cal. 503, it was held that a part of the fourth section of the act of March 16, 1889, supplemental to the act generally known as the Wright act, which provided that in a proceeding to confirm the organization and bonds of an irrigation district, "a motion for a new trial must be made upon the minutes of the court," was a special law regulating the practice of courts of justice, and therefore unconstitutional.

In *Pasadena v. Stimson*, 91 Cal. 238, it was held that section 870 of the municipal corporation act of 1883, requiring cities of the fifth and sixth classes to make an effort to agree with the owners of land sought to be condemned before instituting condemnation proceedings, is unconstitutional and void. In the opinion it is said: "It seems to us perfectly clear that the clause of the incorporation act requiring cities of the fifth and sixth classes to make an effort to agree, while all other persons are exempt from such condition, is in plain and direct conflict with both of these constitutional inhibitions. It destroys the uniform operation of a general law, and is special in a case where a general law not only can be made applicable, but in which a general law had been enacted, and in which there is no conceivable reason for discrimination."

In the present case, there is no conceivable reason why a corporation of the fifth class should not be subject to the same general rules in regard to pleading as all other persons and municipal corporations in the state. It does not seem to us that the ordinances of a municipal corporation of the fifth class are so sacred and of such high authority that courts will take judicial notice of them, while in all other classes of corporations the ordinances are of so little consequence that they have to be pleaded.

In *Darcy v. Mayor etc. of San Jose*, 104 Cal. 643, it was held that an act of the legislature, requiring all cities containing a population of not less than ten thousand nor more than twenty-five thousand inhabitants to fix by ordinance the compensation of the policemen of the city at not less than one hundred nor more than one hundred and twenty-five dollars per month, was unconstitutional.

In *Bloss v. Lewis*, 109 Cal. 493, it was held that section 195 of the County Government Act, providing different clerks' fees to be paid to the county clerk in estates of deceased persons in counties of the thirty-third class from that provided for the other counties of the state, was unconstitutional. (See, further, *Dougherty v. Austin*, 94 Cal. 620; *Rauer v. Williams*, 118 Cal. 401; *Denman v. Broderick*, 111 Cal. 97; *Turner v. County of Siskiyou*, 109 Cal. 332; *Miller v. Kister*, 68 Cal. 142; *Welsh v. Bramlet*, 98 Cal. 224.)

We advise that the judgment be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.                    Van Dyke, J., Harrison, J.