[S. F. No. 3293. In Bank.—June 18, 1904.]

In the Matter of the Estate of CORNELIA E. CAMPBELL, Deceased. GEORGE O. CAMPBELL et al., Appellants, v. TREASURER OF CITY AND COUNTY OF SAN FRANCISCO, and THE PEOPLE, Respondents.

Collateral Inheritance Tax—Amendment of 1899—Constitutionality—Construction—Defect in Body of Act—Clerical Error. —There being no defect in the title of the amendment of 1899 to the amendatory act of 1897 to the Collateral Inheritance Tax Law of 1893, a defect in the body of the act consisting of a clerical error in the introductory clause of section 1 of the amendment of

1899, in omitting the first clause of the title, must be disregarded, and the act held valid, upon principles of reasonable construction in favor of the constitutionality and validity of the amendment.

ID.—AMENDMENT OF SECTION—REPUBLICATION.—Where the only section amended is section 1 of the act of 1897, it is not necessary to republish the entire act; but it is a sufficient compliance with section 24 of article IV of the constitution to republish the section as amended.

ID.—UNIFORMITY OF ACT—NATURAL DISTINCTION.—The amendment of 1899 to the Collateral Ineritance-Tax Law is general and of uniform operation in its application to the natural distinction of brothers and sisters of deceased persons. The fact that the wife of a son, the widow of a son, and the husband of a daughter who do not inherit are exempted from its provisions on the basis of close relation by affinity, thus allowing them to take by bequest or devise, cannot affect the general character and uniform operation of the amendment, as to collateral inheritance.

ID.—BEQUESTS AND DEVISES TO STRANGERS—CONSTRUCTION OF STATUTE.—The tax imposed upon bequests and devises to strangers to the blood who are not related by affinity or of kin to the decedent, if the word "collateral" is to be construed as applying to bequests and devises, and not to "inheritances" only, is to be deemed "collateral," within the meaning of that word, in favor of the constitutionality of the act.

ID.—QUERY AS TO WORD "COLLATERAL"—LIMITATION TO "INHERITANCES."—It is questionable whether the word "collateral" should not be limited in its application to the word "inheritances," and not "extended" to the words "bequests" and "devises." [Beatty, C. J., not doubting.]

ID.—TAXES UPON TRANSFERRED PROPERTY—TAKING EFFECT AT DEATH—SEPARABLE PROVISION.—The provision in the act imposing taxes upon property transferred by deed, grant, sale, or gift, made to take effect in possession after the death of the decedent, if invalid, as not expressed in the title of the act, is separable, and is not so important to the effect of the act as a whole as to render the entire section unconstitutional.

ID.—FEDERAL CONSTITUTION—FOURTEENTH AMENDMENT.—The act of 1899 does not contravene the provisions of the fourteenth amendment to the constitution of the United States. The rule of that amendment as to equality is subject to the same principles of classification as those declared by this court under the constitution of the state.

APPEAL from a decree of distribution of the Superior Court of the City and County of San Francisco imposing collateral inheritance taxes. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Frohman & Jacobs, and Garoutte & Goodwin, for Appellants.

John Garber, Garret W. McEnerney, Dorn & Dorn & Savage, and Charles B. Younger, Jr., *Amici Curiæ.*

Lewis F. Byington, District Attorney, and I. Harris, Assistant District Attorney, for Respondents.

THE COURT.—After further consideration of this case, we are satisfied with the decision hereinbefore made in Bank, and with the opinion hereinbefore delivered by Mr. Justice Shaw (see *post,* p. 626), and that for the reasons given in that opinion, the decree of distribution appealed from should be affirmed. It may be well to say, however, that it is not stated in that opinion that there are two different or inconsistent rules in the cases of the *City of Pasadena* v. *Stimson,* 91 Cal. 249, and *Darcy* v. *Mayor,* 104 Cal. 642,—as intimated in one of the petitions for rehearing. In the Pasadena case, while it was held that the statutory provision there in question was unconstitutional, the general rule was stated to be that a law "is general and constitutional when it applies equally to all persons embraced in a class founded upon some natural or intrinsic or constitutional distinction." This clause was quoted in the opinion of Mr. Justice Shaw, and the expression in the latter opinion, that "We are of the opinion that this case comes within the first rule, and not within the qualification last stated," clearly means only that the case at bar comes within the general rule stated in *City of Pasadena* v. *Stimson,* and is not within the principle of the exceptions which are held both in the Pasadena case and in *Darcy* v. *Mayor* to be unconstitutional. It may be further said, in response to the contention that the law in question is violative of the fourteenth amendment to the federal constitution, that if, as we hold, it is not forbidden by the constitution of this state, it is for like reasons not violative of the federal constitution. Federal courts have held that provisions of state statutes which make unwarranted distinctions and discriminations contravene the principle of equality declared in the fourteenth amendment;

CXLIII. Cal.—40

but in *Magoun* v. *Illinois etc. Bank,* 170 U. S. 283, and *Gulf etc.* v. *Ellis,* 165 U. S. 150,—cited by counsel,—the rule as to what is and what is not unwarranted classification is substantially the same as that heretofore declared by this court.

The part of the decree of distribution appealed from is affirmed.

The following is the decision and opinion above referred to and adopted, which was rendered by the court in Bank, on November 27, 1903:—

SHAW, J.—This is an appeal from that portion of the decree of distribution in the above-entitled estate, providing for the payment of inheritance taxes. The estate was distributed to the brothers and sisters of the deceased, and upon the appeal the sole question is whether or not the amendment of 1899 to the Collateral Inheritance Tax Law is constitutional. (Stats. 1899, p. 101.)

The first point made by the appellants is, that the body of the act does not conform to the title in this, that while the title of the act designates it as an act to amend the act of 1897, the body of the act in fact amends an act of 1893. The title is as follows: "An act to amend an act entitled, 'An act to amend an act entitled, "An act to establish a tax on collateral inheritances, bequests and devises, to provide for its collection, and to direct the disposition of its proceeds," approved March 23, 1893,' approved March 9, 1897." The introductory portion of the first section of the act is as follows: "Section one of an act entitled, 'An act to establish a tax on collateral inheritances, bequests and devises, to provide for its collection, and to direct the disposition of its proceeds, approved March 23, 1893,' approved March 9, 1897, is hereby amended so as to read as follows." Section 1 of the act of 1893 was amended in 1897, and the title of the amending act of 1897 is correctly quoted in the title of the act of 1899; but it will be observed that in the introductory clause of section 1 of the act of 1899, above quoted, it attempts to quote the title of the act of 1897, but omits the first clause thereof,—to wit, the words, "An act to amend an act entitled,"—and begins with the second clause, as follows: "An act to establish a tax," etc. It is manifest that this is a mere clerical error. The defect is

not in the title, but in the body of the act. If the act can be given a construction which is reasonable, and which will make it constitutional, that construction must prevail. Looking to the entire body of the amendatory act, it cannot reasonably be construed otherwise than as an amendment of the act of 1897. The clerical error must therefore be disregarded and the act held valid.

Another objection is, that the act is unconstitutional because it does not comply with that portion of section 24 of article IV requiring the act revised or section amended to be re-enacted and published at length as revised or amended. The only portion of the act of 1897 which is amended is section 1 thereof, and the whole of that section is republished at length in the amending act of 1899. This is all that is required by the constitution. Where the title of an act indicates that it is an amendment to the entire act, but in fact the amendment made is all comprised in a single section thereof, it is not necessary to republish the entire act. It is a sufficient compliance with the constitutional requirement if the section which is amended is republished at length as amended.

The most urgent contention of the appellants is, that the act is unconstitutional because it makes an unlawful discrimination between brothers and sisters and other parties mentioned therein, or, to state the proposition exactly, because it imposes a tax upon the brothers and sisters of deceased persons, while at the same time exempting from taxation the wife of a son, the widow of a son, and the husband of a daughter. There have been many decisions in this court upon the general question involved. The leading case upon the subject is the *City of Pasadena* v. *Stimson*, 91 Cal. 249, in which case the general principle was laid down that a law is general and constitutional when it applies equally to all persons embraced in a class founded upon some natural, or intrinsic, or constitutional distinction. A further qualification has been made in the case of *Darcy* v. *Mayor*, 104 Cal. 642, to the effect that the classification must not be arbitrary for the mere purpose of classification, in order that legislation really local or special may seem to be general, but that it must be for the purpose of meeting different conditions naturally requiring different legislation. We are of the opinion that this case comes within the first rule, and not within the qualification last stated. The statute in

question imposes an inheritance tax upon all the collateral relations of the deceased, and exempts from taxation the father, mother, husband, wife, lawful issue, and adopted children, and any lineal descendant of the deceased born in lawful wedlock. The distinction as to inheritances between those of the direct line and collateral relations is a natural distinction, and is sufficient to justify the legislature in imposing a different rule on this subject with respect to each. (*Estate of Wilmerding,* 117 Cal. 281.) It also exempts the wife or widow of a son, and the husband of a daughter, who are strangers to the blood, and who, under our statute of succession, do not inherit. Consequently, the exemption in these latter cases can apply only to bequests and devises. The class composed of sons-in-law and daughters-in-law, though not of the blood of the testator, are very closely related by affinity, and we cannot interfere with the legislative discretion and say that the distinction is not natural. It is sufficient, in our opinion, to justify the legislature in exempting these persons from the tax.

It is claimed that the act is unconstitutional because it imposes a tax upon bequests and devises to persons not of kin to the testator; that is, upon all strangers to the blood other than the wife or widow of the son or husband of the daughter, and that these classes of persons, upon whom the tax is thus imposed, are not embraced within the terms of the title of the act. This defect in the act would of course not affect the appellants here directly, they not being strangers to the blood. But the further contention is, that the unconstitutionality of the act in this respect is so material to the effect of the act as a whole that it is not to be presumed that the legislature would have enacted the entire act if they had understood that this part of it was unconstitutional, and, therefore, that the rule applies which declares that where a part of an act which is unconstitutional is so intermingled with the act as a whole, and so important to its effect as to give rise to the presumption that the legislature would not have enacted the remainder of it without the unconstitutional part, the whole act must be declared unconstitutional. This contention of the appellants is based upon the proposition that the designation in the title—to wit, "Collateral inheritances, bequests, and devises"—must be so read that the word "collateral" shall be applied as a qualifying adjective to the words "bequest" and

"devises," and consequently it is argued that the act does not include bequests and devises to strangers to the blood, but only bequests and devises to collateral kindred. The word "collateral," however, has not necessarily the narrow meaning here contended for, or at any rate we should not give it that meaning if the effect of such construction is to make the law unconstitutional. Here, again, we must apply the rule that where a law is reasonably susceptible of a construction rather than one which will make it unconstitutional, although the latter may be more reasonable or obvious than the former. "Collateral" means on the side, or at one side, of a subject, and in this sense a bequest to any person not in the direct line of relationship would be properly termed a collateral bequest, although the person was not akin to the testator. Giving the title of the act this construction, it does include bequests and devises to strangers as well as those to the testator's own kindred, and is not unconstitutional as to either. It is, however, questionable whether the word "collateral" should not be limited in its application to the word "inheritances," and not extended to the words "bequests" and "devises," in which case the objection is baseless.

Another objection is, that there is a provision in the act imposing taxes upon property transferred by deed, grant, sale, or gift, made to take effect in possession or enjoyment after the death of the decedent, and that this class of dispositions of property is not expressed in the title of the act, and upon this theory it is again claimed that the whole act must be declared unconstitutional. It is sufficient to say upon this point that even if the law is unconstitutional with respect to property disposed of in this manner, it is quite apparent that it is not so important to the effect of the act or section as a whole as to make the entire section unconstitutional.

The portion of the decree appealed from is affirmed.

Van Dyke, J., Henshaw, J., and Lorigan, J., concurred.

BEATTY, C. J., concurring.—I concur. As to the word "collateral" in the title of the act, I have no doubt that it was intended to qualify inheritances alone. There is no such thing as a collateral devise or bequest.