[Civ. No. 6406. Third Appellate District.—June 5, 1940.]

BENJAMIN B. MANSUR, Respondent, v. CITY OF SAC-
RAMENTO et al., Appellants.

Hugh B. Bradford, City Attorney, for Appellants.

Robert M. Holstein for Respondent.

GEARY, J., *pro tem.*—Appellants, City of Sacramento, a municipal corporation, the civil service board of said city, the members and secretary thereof, and A. O. Hoover, controller of said city, appeal from a judgment of the Superior Court of the State of California, in and for the County of Sacramento, granting the above-named petitioner and respondent a peremptory writ of mandate.

Respondent, Mansur, on June 16, 1939, acquired through compliance with the provisions of the civil service system of the City of Sacramento, a position on the eligibility list in the classified civil service of said city. Thereafter, on August 1, 1939, he was selected from the eligibility list by the city manager of Sacramento, for a position as pump operator and stationary engineer for said city, and upon that date entered into the performance of his duties as such. At that time, the wife of respondent was, and ever since has been, employed by the state board of equalization, and is drawing a salary from tax revenues for the duties performed by her. Respondent Mansur continued in the employment of appellant city until August 11, 1939, and at the compensation regularly fixed for his duties, earned the sum of $64.80 up to that date. Prior to June 16, 1939, and at all times subsequent thereto, section 165 of article XX of the charter of the City of Sacramento provided: "Sec. 165. Every officer or employee of the City must be a citizen of the United States, and have resided in the City of Sacramento not less than one year preceding his election or appointment. In case of flood, fire, or other public calamity, the City Manager may employ, on city work, persons other than citizens or residents. The provisions of this section regarding residence shall not apply in the case of the City Manager, or of professionally trained experts. *Where one spouse is employed by the State, or by any governmental or municipal subdivision drawing a salary paid from tax revenues, the other spouse shall not hereafter be taken into the employment of the City of Sacramento.* Provided, however, that this paragraph of this section shall be suspended in time of any war in which

the United States is engaged.'' (Stats. 1937, p. 2637. Italics ours.)

Pursuant to the above charter provision prohibiting the employment by the city of one whose spouse is receiving compensation from tax revenues, the civil service board of said city refused to certify the city payroll to the city controller for approval, in so far as the same pertained to respondent. It is the contention of the civil service board that respondent's name was not properly placed upon the payroll in view of the foregoing section of the charter, and the rules of the board pursuant thereto. The city controller, in the absence of the certification of eligibility of respondent by the civil service board, and in accordance with further provisions of the charter set forth in section 43, article VIII thereof, refused to approve that portion of the payroll relating to him.

Respondent Mansur thereupon filed his petition for a writ of mandate which, after hearing, was granted. The trial court held that that portion of section 165, article XX of the charter providing—''Where one spouse is employed by the State or by any governmental or municipal subdivision drawing a salary paid from tax revenues, the other spouse shall not hereafter be taken into the employment of the City of Sacramento''—is arbitrary in its discrimination against respondent; that it is unconstitutional and void under the provisions of article I, sections 13 and 21 of the Constitution of California.

By article XI, section 11, the California Constitution provides: ''Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary and other regulations as are not in conflict with general laws.'' The particular charter provision presented for consideration herein doubtless originated pursuant to the above constitutional grant of police power to municipalities and other political subdivisions. It may likewise be assumed that the provision of the charter in question was adopted with the view of promoting and preserving the general welfare. Undoubtedly, the freeholders drawing the charter, recognizing the existing and widespread unemployment, proposed the provision in question and the same was adopted in the belief that it would contribute towards a greater distribution of employment; that by prohibiting the employment by the city

of one spouse, where the other was employed and compensated from tax revenues, a greater spread of public employment would result. Whether the particular charter provision will secure the result for which it is designed, or whether its policy is wise or economically correct, are not questions presented to this court. The wisdom and the social or economic soundness of the charter provision are matters to be determined by the framers of the charter in the first instance, and lastly, by the electors. There is presented to the court, however, the contention that the particular charter provision violates the constitutional rights of respondent guaranteed by article I, sections 13 and 21 of the California Constitution. If this provision of the charter does violence to the fundamental law, it is the duty of this court to so declare, even bearing in mind, however, in our consideration of the question, that all doubts, if any there be, are to be resolved in favor of the constitutionality of the charter provisions. ▆ The rule is, of course, that courts ought not to declare such acts as the one under consideration, unconstitutional, unless, that fact clearly appears. (*Stockton & V. R. R. Co.* v. *City of Stockton*, 41 Cal. 147, 159, and cases cited; *City of Los Angeles* v. *Lankershim*, 160 Cal. 800, 803 [118 Pac. 815]; *Matter of Application of Miller*, 162 Cal. 687, 696 [120 Pac. 1064].)

The California Constitution, by article I, section 21, provides: ''No special privileges or immunities shall ever be granted which may not be altered, revoked or repealed by the legislature; nor shall any citizen, or class of citizens, be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens.'' A proper application of this constitutional provision may at times appear uncertain, due to the peculiar facts presented in each case. However, a consideration of the facts with the principles involved, viewed in the light of the decisions hereinafter cited, must dissolve such doubts as may have existed in the instant case.

▆ The courts of this state long ago enunciated, and numerous decisions have reaffirmed the rule that when statutes, as distinguished from the Constitution itself, attempt to distinguish between either individuals or businesses, and thus legally discriminate between them—whether for purposes of benefit or of restriction—certain facts must exist as a prerequisite thereto. First, necessity for such discrimination

or classification must be made to appear. In this case the solution of the problem of unemployment is advanced as the necessity for the distinction sought to be established by the charter provision. Necessity alone, however, regardless of the dire need therefor, will not suffice to avoid the constitutional mandate that neither privilege nor immunity shall be granted or withheld from any citizen or class upon terms different from those upon which they are granted or withheld from others. In addition to necessity—and equally essential in classifying individuals or businesses as a basis for legal discrimination—is the requirement that the classification shall be neither arbitrary nor capricious. It must not rest upon the personal, physical, or even mental characteristics pertaining solely to the individual to be affected, but rather upon the *relation* which such individual may bear to society.

Further, as stated by this court in *In re Finley,* 1 Cal. App. 198, 207 [81 Pac. 1041], per Hart, J., the classification "must rest upon some substantial, inherent, intrinsic difference or distinction in the relation of the particular class toward the lives, safety, property, health, happiness or convenience of the public, when contrasted with the relation, duties, responsibilities, position or situation of other persons or classes toward the same matters of public concern." (*Pasadena* v. *Stimson,* 91 Cal. 238, 250 [27 Pac. 604]; *Ex parte Jentzsch,* 112 Cal. 468, 474 [44 Pac. 803, 32 L. R. A. 664]; *Rauer* v. *Williams,* 118 Cal. 401, 408 [50 Pac. 691]; *Matter of Application of Miller,* 162 Cal. 687, 698 [124 Pac. 427]; *In re Raleigh,* 177 Cal. 746, 751 [171 Pac. 950]; *Mordecai* v. *Board of Supervisors,* 183 Cal. 434, 438 [192 Pac. 40]; *Martin* v. *Superior Court,* 194 Cal. 93, 100 [227 Pac. 762]; *In re Gatsios,* 95 Cal. App. 762, 766 [273 Pac. 826].) Bearing in mind the foregoing essentials to a lawful classification, it becomes apparent at once that the charter provision in question here wholly fails to meet those sound essentials required to overcome the plain mandate declared in article I, section 21 of our Constitution. What is there "of an inherent, intrinsic difference or distinction" about a married couple, one of whom receives compensation from public revenue, the other from employment by the City of Sacramento, and other public employees or the public generally? They suffer the same hardships, entertain the same hopes, are stirred by similar ambitions, and faced with similar economic prob-

lems that confront the vast majority. They are called upon to meet like duties of citizenship, and no legal reason is shown why their rights as citizens should be abridged as so clearly attempted here. (*Rauer* v. *Williams, supra.*) That the attempted classification is purely arbitrary, artificial and contrary to our fundamental law is clearly evidenced.

In view of the foregoing, it is unnecessary to determine whether the charter section is likewise violative of article I, section 13 of the California Constitution.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.