[L.A. 27433.   In Bank.   Dec. 13, 1963.]

BERNICE PATTON, Plaintiff and Appellant, v. CLINTON LA BREE et al., Defendants and Respondents.

Coleman & Silverstein for Plaintiff and Appellant.

Smith & Wilson, Andrew V. Smith and A. Charles Wilson for Defendants and Respondents.

GIBSON, C. J.—The complaint in this action alleges that plaintiff took her automobile to defendant Friendly Rambler, Inc., to have it serviced and that she rode in it as a "passenger" while it was being serviced and was being driven by defendant La Bree, an employee of Friendly Rambler, Inc.[1]

[1]It is the practice to use the designations "passenger" and "guest" for the purpose of distinguishing a person who has given compensation within the meaning of the Vehicle Code from one carried gratuitously. (*Kruzie* v. *Sanders* (1943) 23 Cal.2d 237, 241 [143 P.2d 704].)

It is further alleged that as a proximate result of defendants' negligence in operating the automobile it collided with another car and plaintiff was injured. The action was dismissed following the sustaining of a general demurrer to the complaint, and plaintiff has appealed.

Section 17158 of the Vehicle Code provides: "*No person riding in or occupying a vehicle owned by him and driven by another person with his permission and* no person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the *owner or* guest during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or willful misconduct of the driver."

The words of the section that we have italicized were added by amendment in 1961. Prior to the amendment it had been held that under ordinary circumstances an owner riding in his own car, while it was being driven by another, was not a "guest" and did not come within the limitations on recovery prescribed by the section. (*Ahlgren* v. *Ahlgren* (1960) 185 Cal.App.2d 216, 217 et seq. [8 Cal.Rptr. 218]; *Ahlgren* v. *Ahlgren* (1957) 152 Cal.App.2d 723, 725 [313 P.2d 88].) As amended, the section includes within its scope an owner-occupant of a vehicle driven by another with his permission.

Plaintiff contends that the word "owner" should be construed so as to include only an owner who has not given compensation for the ride and that she gave compensation for the trip since it was primarily for a business purpose from which defendants were to derive a substantial economic benefit. We do not agree with plaintiff's construction of the amendment. The language does not show an intention to except an owner who gave compensation for the ride. As pointed out in the Legislative Counsel's Digest of the measure, Assembly Bill No. 2704, 1961 Regular Session, the amendment "Includes within that group of persons who must establish intoxication or willful misconduct of the driver any person riding in or occupying a vehicle owned by him and driven by another person with his permission." It follows that the section is applicable here.

Plaintiff contends that the section as so construed is unconstitutional in that it makes an arbitrary distinction

between owners giving compensation for a ride and other persons, not owners, who give such compensation. ██ There is, of course, a presumption in favor of constitutionality, and the invalidity of a legislative act must be clear before it can be declared unconstitutional. (*Los Angeles Met. Transit Authority* v. *Public Utilities Com.*, 59 Cal.2d 863, 867 [31 Cal.Rptr. 463, 382 P.2d 583]; *Lundberg* v. *County of Alameda*, 46 Cal.2d 644, 652 [298 P.2d 1].) ██ Wide discretion is vested in the Legislature in making a classification, and its decision as to what is a sufficient distinction to warrant the classification will be upheld by the courts unless it is "palpably arbitrary and beyond rational doubt erroneous" and no set of facts reasonably can be conceived that would sustain it. (*Bilyeu* v. *State Employees' Retirement System*, 58 Cal.2d 618, 623 [24 Cal.Rptr. 562, 375 P.2d 442]; *Johnson* v. *Superior Court*, 50 Cal.2d 693, 699 [329 P.2d 5].)

██ It cannot be said that the classification made by the Legislature in the 1961 amendment to section 17158 is arbitrary or that no set of facts reasonably can be conceived that would sustain it. The relationship between a driver and the owner of the car who is a passenger is obviously different from that existing between a driver and a passenger who is not an owner. In making the distinction between owner-passengers and nonowner-passengers, the Legislature may have taken into consideration the fact that an owner generally has the right to direct and control the driver, but a nonowner ordinarily does not have that right.

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Tobriner, J., and Peek, J., concurred.

PETERS, J.—I dissent.

The majority opinion correctly summarizes the allegations of the complaint. It there appears that plaintiff was not only the owner of the car, but was engaged in a business enterprise with the driver. The majority opinion holds that the classification contained in the 1961 amendment to section 17158 of the Vehicle Code between nonowner business occupants or passengers and owner business occupants or passengers has a reasonable basis and, therefore, is constitutional. With that conclusion I disagree. As will be shown, the classification contained in that amendment, as applied to plaintiff, is arbitrary, unreasonable and capricious, and is, therefore, unconstitutional.

As the majority opinion admits, prior to the 1961 amendment to the section, the complaint clearly would have stated a cause of action. Under the section as it read prior to the amendment, it had been held that an owner riding in his car as an occupant, except under unusual circumstances not here present, was not a guest in his car, but was a passenger, and therefore could recover for injuries resulting from the ordinary negligence of the driver. ( *Ray* v. *Hanisch,* 147 Cal. App.2d 742 [306 P.2d 30] ; *Ahlgren* v. *Ahlgren,* 152 Cal.App. 2d 723 [313 P.2d 88], and the same case on another appeal, 185 Cal.App.2d 216 [8 Cal.Rptr. 218]. These cases were in accord with the weight of authority elsewhere. *Gage* v. *Chapin Motors,* 115 Conn. 546 [162 A. 17] ; *Thomas* v. *Hughes,* 177 Kan. 347 [279 P.2d 286, 65 A.L.R.2d 306] ; *Gledhill* v. *Connecticut Co.,* 121 Conn. 102 [183 A. 379] ; *Naphtali* v. *Lafazan,* 7 Misc.2d 1057 [165 N.Y.S.2d 395] ; *Lorch* v. *Eglin,* 369 Pa. 314 [85 A.2d 841] ; see Note 65 A.L.R.2d 312.) In this case the plaintiff was not only an owner, but was engaged in a common business enterprise with the garage mechanic, and was therefore a business guest or passenger. Independent of the owner relationship, that is, had the plaintiff been a nonowner, as such she could recover for injuries resulting from the ordinary negligence of the driver, because plaintiff would then have been an ordinary business passenger engaged in a common business purpose with the driver. (*McCann* v. *Hoffman,* 9 Cal.2d 279 [70 P.2d 909] ; *Walker* v. *Adamson,* 9 Cal.2d 287 [70 P.2d 914] ; *Whitechat* v. *Guyette,* 19 Cal.2d 428 [122 P.2d 47].)

The 1961 amendment added that all owners, regardless of whether or not they give compensation for the ride, and regardless of whether or not they are engaged in a common business enterprise with the driver, are prohibited from recovering for injuries resulting from the ordinary negligence of the driver. Nonowners giving compensation for their ride may still recover for ordinary negligence of the driver. The section now precludes from recovery for such negligence not only riders who furnish no compensation, but as stated in the 1961 amendment, any ''person riding in or occupying a vehicle owned by him and driven by another person with his permission,'' whether he gives compensation or not. Thus, under the statute, as amended, two classes of persons are prohibited from recovering for ordinary negligence of the driver—guests, who accept a ride without the giving of compensation, and all owners riding in a car owned by them, and

being driven by someone with their permission, whether giving compensation or not. The statute simply says that an owner occupant whatever his status—that of guest or passenger, whether he gives compensation for the ride or not—cannot recover for the ordinary negligence of the driver. Obviously, the 1961 amendment was aimed at every owner occupant who is a passenger in his own car, whether he gives compensation or not. This the majority opinion concedes. Plaintiff is an owner who gave compensation for her ride.

Prior to the passage of the guest law any rider, guest or passenger, under the common law, could recover for injuries caused by the ordinary negligence of the driver. (*Callet* v. *Alioto,* 210 Cal. 65 [290 P. 438].) Then the guest law classified between guests and passengers. This classification was upheld because there is a reasonable distinction between the two classes, that is, one class gives compensation for the ride, the other does not. (*Silver* v. *Silver,* 280 U.S. 117 [50 S.Ct. 57, 74 L.Ed. 221, 65 A.L.R. 939] ; see Note 111 A.L.R. 1011.) The Legislature obviously felt that a gratuitous guest, who has accepted the driver's hospitality, should not recover for the ordinary negligence of his host. The Legislature evidently believed that there was a real danger of guests making fraudulent claims against their hosts, perhaps with the connivance of the host, so as to mulct the driver's insurance company. (*Weber* v. *Pinyan,* 9 Cal.2d 226 [70 P.2d 183, 112 A.L.R. 407] ; *Emery* v. *Emery,* 45 Cal.2d 421 [289 P.2d 218].) But it was not felt that such a danger existed as to those who were passengers—those who in one form or another gave compensation for the ride. They were permitted to recover for ordinary negligence.

The 1961 statute purports to distinguish between those passengers who are owner riders, whether they give compensation or not, and those who are nonowners. No possible legal reason exists for such a broad classification. Certainly there is no more danger of a fraudulent claim being filed by an owner occupant who gives compensation for his ride than by a similar nonowner occupant. Certainly there is no more danger of an owner occupant conniving with the driver than there is from a nonowner occupant. This statute purports to bar all owner occupants who are passengers from recovery, while still retaining recovery for nonowner occupants who are passengers.

Both the United States and the state Constitutions prohibit arbitrary and capricious legislation and unjust dispar-

ity of treatment between groups similarly situated. Some of these provisions are here applicable.[1] The purposes of such provisions are substantially similar. They are that laws applicable to a citizen or his property should be uniform, consistent and harmonious, in order that privileges given to one should be enjoyed by all, and burdens placed on all alike (*City of Tulare* v. *Hevren,* 126 Cal. 226 [58 P. 530]). The provisions are intended to prevent any person or class from being singled out for discriminatory legislation.

Of course none of these provisions prohibit reasonable classification, but to be reasonable the class must be founded on some natural, intrinsic, or constitutional distinction. It is a special law and not a general or uniform one, and denies equal protection, if it confers particular privileges or imposes peculiar disabilities upon a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law. (*Ivanhoe Irr. Dist.* v. *All Parties,* 47 Cal.2d 597 [306 P.2d 824]; *Beamon* v. *Department of Motor Vehicles,* 180 Cal.App.2d 200 [4 Cal.Rptr. 396]; see cases collected 11 Cal.Jur.2d, Constitutional Law, § 264, p. 703.) The classification must not be arbitrary for the mere purpose of classification—it must be for the purpose of meeting different conditions naturally requiring different treatment. (*Darcy* v. *Mayor etc. of San Jose,* 104 Cal. 642 [38 P. 500]; *Estate of Campbell,* 143 Cal. 623 [77 P. 674].)

A law is not necessarily general, uniform and equal because it operates upon all within a particular class. The designation of that class may, in itself, constitute unlawful discrimination, unless there is some logical reason for the creation of that class. A classification must be founded on some good reason and may not rest in the arbitrary will of the Legislature (see cases collected 11 Cal.Jur.2d, Constitu-

---

[1] Amendment XIV of the United States Constitution provides in part that no state shall ''deny to any person within its jurisdiction the equal protection of the laws.''

The state Constitution contains several prohibitions here relevant.

Section 25 of article IV provides: "The Legislature shall not pass local or special laws in any of the following cases, that is to say:

'' ..............................................................

''Nineteenth—Granting to any corporation, association, or individual any special or exclusive right, privilege, or immunity."

Section 11 of article I provides: ''All laws of a general nature shall have a uniform operation.''

Section 21 of article I provides in part: ''. . . nor shall any citizen, or class of citizens, be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens.''

tional Law, § 274, p. 721). Stated another way, a legislative classification is reasonable if there are differences between the classes, and the differences are reasonably related to the purpose of the statute, but it is unreasonable if it discriminates between individuals similarly situated, or arbitrarily selects a certain class for discriminatory legislation when there is no ground for the discrimination (*Looff* v. *City of Long Beach,* 153 Cal.App.2d 174 [314 P.2d 518]). The class selected by the legislation must be separated from other classes by some realistic or natural distinction as to reasonably indicate the propriety of the legislation restricted to that class, that is a distinction that bears some relation to, or furnishes a reasonable cause for, the particular legislation (*Sibert* v. *Department of Alcoholic Beverage Control,* 169 Cal.App.2d 563 [337 P.2d 882]). The classification must not only be germane to the purpose of the statute, but it must be characterized by some substantial attributes which render particular legislation necessary for that class. (*Mansur* v. *City of Sacramento,* 39 Cal.App.2d 426 [103 P.2d 221]; *Acton* v. *Henderson,* 150 Cal.App.2d 1 [309 P.2d 481].)

Of course, as the majority opinion points out, the Legislature has great discretion in this field. The presumption is that the classification found in the statute is constitutional. A statute which affects all of a class is not invalid if the classification is not arbitrary and is based upon some differences in the classes that have some relation to the purpose of the legislation. (*Johnson* v. *Superior Court,* 50 Cal.2d 693 [329 P.2d 5]; *McClain* v. *City of South Pasadena,* 155 Cal.App.2d 423 [318 P.2d 199]; *Dribin* v. *Superior Court,* 37 Cal.2d 345 [231 P.2d 809, 24 A.L.R.2d 864]; *Sacramento Mun. Util. Dist.* v. *Pacific Gas & Elec. Co.,* 20 Cal.2d 684 [128 P.2d 529].) The authority and duty to ascertain the facts which will justify class legislation lies with the Legislature (*In re Herrera,* 23 Cal.2d 206 [143 P.2d 345]) and its discretion is a very wide one (*Johnson* v. *Superior Court, supra,* 50 Cal.2d 693; *State of California* v. *Industrial Acc. Com.,* 48 Cal.2d 365 [310 P.2d 7]) and every presumption is in favor of validity of the classification. (See *Professional Fire Fighters, Inc.* v. *City of Los Angeles, ante,* pp. 276, 288-289 [32 Cal. Rptr. 830, 384 P.2d 158].) When a legislative classification is questioned, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts and the burden rests on the one who

attacks that classification (*People* v. *Western Fruit Growers, Inc.*, 22 Cal.2d 494 [140 P.2d 13]).

If these rules be reasonably applied to the problem here presented, it must be held that the classification contained in the statute is too broad and is arbitrary and capricious. No reasonable basis for such a broad classification has been suggested by the parties and none has occurred to me. The majority opinion implies that there is a difference in the relationship between a driver and an owner, and between a driver and a nonowner. Of course there is a different relationship—one is an owner and one is a nonowner. But what legal difference does that make as to their respective rights to recover for the ordinary negligence of the driver, at least where both give compensation for the ride? None whatsoever. Of course, a nonowner riding as a guest does not have any control, but a nonowner giving compensation and engaged in a common business enterprise with the driver has joint control over the common enterprise and therefore joint control of the car used to further that enterprise. In this respect he differs not at all from the owner rider who gives compensation for the ride.

In the present case, facts are alleged in the complaint that show that plaintiff is not only the owner of the car, but independently of that fact, was a business guest of the driver, i.e., was engaged in a common business enterprise. Some owners riding in a car might be guests were it not for the owner relationship. Some owners may be riding as an occupant in a car driven by a member of his family, or by a relative. If it be assumed that a reasonable basis may exist for classifying such owner occupants differently from nonowner business occupants, that is not the problem here presented. Plaintiff is an owner occupant who was not riding in a car driven by a member of her family, or by a relative. Plaintiff was an occupant that furnished compensation for the ride. She was engaged in a common business enterprise with the driver. Independently of the owner relationship, she could undoubtedly recover for injuries caused by the ordinary negligence of the driver. She belongs to a portion of the class that is being discriminated against. Even though a part of the group of owner occupants conceivably could be classified for the purposes of this statute, plaintiff belongs to a part of the owner occupant class that is no different from the nonowner occupant class—both furnish compensation for the ride. Therefore, no legal reason exists for the classification.

Because part of a class may be classified for such purposes does not justify including members of the class, of which plaintiff is one, that cannot be discriminated against. Nonowner business occupants and owner business occupants stand in precisely the same relation to the subject of the law. There are no conditions between the two that would justify a classification based on the right of recovery for ordinary negligence. The designation of owner passengers who give compensation for the ride constitutes an unlawful discrimination between them and nonowner passengers. Owner passengers who give compensation for their ride have been selected arbitrarily as a class for discriminatory legislation. This being so, the statute as applied to plaintiff must be held to be arbitrary, capricious, and discriminatory. The complaint, therefore, states a cause of action. I would reverse the judgment.