[Crim. No. 2116. In Bank.—March 19, 1918.]

In the Matter of the Application of L. A. RALEIGH for a Writ of Habeas Corpus.

REAL ESTATE BROKERS' LICENSE—CONSTITUTIONAL LAW—STATUTES— SPECIAL LEGISLATION.—The real estate brokers' license law (Stats. 1917, p. 1579), is invalid as special legislation, by reason of the exemption from its provisions of corporations and persons who have "received from the insurance commissioner or the bureau of building and loan supervision a certificate of authority or license to do business within this state," such exception creating a substantial discrimination between those attempted to be classified, with no reasonable basis for the classification.

APPLICATION for Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

Fred W. Fry, and O. R. Wood, for Petitioner.

W. H. L. Hynes, District Attorney, and U. S. Webb, Attorney General, for Respondent.

RICHARDS, J., *pro tem.*—This is an application for a writ of *habeas corpus* wherein the petitioner seeks to test the validity of the act of the legislature approved June 1, 1917 (Stats. 1917, p. 1579), entitled "An act to define real estate brokers, agents, salesmen, solicitors; to provide for the regulation, supervision, and licensing thereof; to create the office of real estate commissioner and making an appropriation therefor." The act in question makes it unlawful for any person, copartnership, or corporation to engage in the business or act in the capacity of a real estate broker or real estate salesman within this state without first obtaining a license therefor. It proceeds to define who are to be considered such brokers or salesmen within the meaning of the act. These definitions are followed by the proviso that the act shall not apply to certain designated classes of persons, copartnerships, or corporations performing any of the acts enumerated in the aforesaid definitions of brokers or salesmen. The act proceeds to create a state real estate commissioner's department, the chief officer of which shall be a commissioner appointed

by the Governor, who shall hold office at his pleasure, with his office at Sacramento, with an annual salary of five thousand dollars, payable out of the state treasury, with power to appoint such clerks and deputies as may be necessary for the proper discharge of the duties of his office, and with an annual allowance from the state treasury of a sum not to exceed fifty thousand dollars a year for the expenses of the department. All persons, copartnerships, or corporations other than those exempted from the requirements of the act, seeking to do business in this state as real estate brokers or salesmen, are required to first obtain a license from the real estate commissioner so to do, by making an application therefor in the manner and with the credentials specified in the act, and by the giving by real estate brokers of a bond payable to the people of the state of California, with sufficient surety or sureties, to be approved by the commissioner, in the sum of one thousand dollars, conditioned for the faithful performance by such brokers of their duties as defined in the act. An annual license fee of ten dollars is also required of brokers, and of two dollars from salesmen and solicitors. The commissioner is given power to temporarily suspend or permanently revoke these licenses after hearing upon charges presented against the holders thereof, for any violation of their duties as defined in the act; and from the decision of the commissioner in respect to these matters a method of appeal is sought to be provided to the superior court. Real estate brokers are also required to have and maintain offices for the transaction of business.

The first assault which the petitioner makes upon the validity of this act relates to the exemptions of certain classes of persons, copartnerships, and corporations, from its terms, which, according to the contention of the petitioner, are based upon no proper distinctions or classifications and which therefore take away from the act its necessary quality as a general law. The provisions of the act thus assailed read as follows:

"The provisions of this act shall not apply to any person, copartnership or corporation who shall perform any of the acts aforesaid with reference to the buying, selling or exchanging of property owned by such person, copartnership or corporation, or renting, collecting rents, or negotiating a loan on such property; nor shall the provisions of this act

apply to salaried employees other than salesmen or solicitors of a licensed real estate broker; *and provided, further,* that the provisions of this act shall not apply to persons holding a duly executed power of attorney from the owner for the sale of real estate, nor shall this act be construed to interfere in any way with services rendered by an attorney at law, nor shall it be held to include a receiver, trustee in bankruptcy, or any person selling real estate under order of any court, nor to a trustee selling under a deed of trust, nor apply to any corporations, associations, copartnerships, companies, firms and individuals now or hereafter subject to the jurisdiction or authority of the railroad commission, nor to corporations now or hereafter organized under the laws of this state for the purpose of conducting the business of banking within this state, nor to corporations, associations, copartnerships, companies, firms and individuals after they have secured from the insurance commissioner or the bureau of building and loan supervision a certificate of authority or license to do business within this state, nor to corporations, associations, copartnerships or companies, subject to federal regulation or not organized for profit, nor to mutual water companies and irrigation districts.''

It is conceded by the petitioner that some of the foregoing exemptions from the operation of the act are based upon easily discerned distinctions and proper classifications; as, for instance, that of persons, copartnerships, or corporations buying, selling, exchanging, renting, and negotiating loans upon their own property; also that of receivers or trustees in bankruptcy, or other persons selling real estate under orders of court; but as to certain other classes of those exempted from its terms, the petitioner insists that the absence of any real basis for classification is so clear, and the want. of an equal distribution of the burdens imposed by the act so obvious and wide-spread in its application, as to render the statute void. The clause in the foregoing provision of the act which appears to be most obnoxious to this criticism is that which provides for the exemption from its terms of ''corporations, associations, copartnerships, companies, firms and individuals, after they have secured from the insurance commissioner or the bureau of building and loan supervision a certificate of authority or license to do business within this state.'' The very general terms in which this exemption is

phrased give it application to everybody, whether corporation, association, firm, or individual, who holds from the insurance commissioner of the state a license to engage in any form or kind of insurance business, whether as insurance companies issuing policies of insurance of any kind, or insurance agents of such companies doing an insurance business as such, or as insurance brokers soliciting and placing business with such agents or companies. It is therefore broad enough in its terms to provide that whoever holds in any of these capacities any form of license from the insurance commissioner is, by virtue of the holding of such license, exempted from the provisions of the act under review when engaged in the performance of any of the acts relating to the buying, selling, exchanging, leasing, or encumbering of real estate, for the doing of which identical acts real estate brokers and salesmen, not being also the holders of licenses as insurance companies, brokers, or agents, must be licensed under and must conform to the provisions of this act. When the laws relating to the procurement of licenses of insurance companies, agents, or brokers are consulted, it is found that their requirements for the obtaining of licenses from the insurance commissioner are much more simple and far less burdensome than those which, by the terms of the act in question, are imposed upon real estate brokers and salesmen. Had these burdens been equal or in any degree equivalent, had the safeguards cast about the business of insurance agents or brokers to insure honesty of character and fair dealing in business been the same as or similar to those which this act requires of real estate brokers or salesmen, it might well be argued that the possession by a corporation, firm, or individual of a license to engage in any form or department of the insurance business would suffice as an acceptable substitute for the license, bond, recommendations, and other safeguards provided for in the real estate agent's act. But such is not the case. The Statutes of 1917, either in the form of amendments to sections 596 and 633 of the Political Code (Stats. 1917, pp. 147, 1617), or in the form of the addition of section 633a (Stats. 1917, p. 1615), to said code, embrace the requirements for obtaining from the insurance commissioner certificates of authority or licenses to do the business of insurance companies, agents, brokers, or solicitors within this state. Section 633 of said code, as amended, and sec-

tion 633a thereof, as newly enacted, have special reference to insurance brokers and agents, and to the licenses to be obtained by each. In neither of said provisions is there to be found any requirement that the person seeking such license must produce recommendations of other persons as to his character or fitness in point of moral qualification for the business he desires to engage in; nor is there any requirement as to the giving of bonds in any amount to insure his fidelity therein, both of which requirements are made of real estate brokers seeking licenses under the act herein assailed. Neither are insurance brokers or agents required to maintain offices for the transaction of business, as are real estate brokers under this act. In other important particulars the burdens cast upon these respective classes of persons are unequal, the inequality resting most onerously upon those not being insurance brokers or agents, who seek to engage in the business of real estate brokers or salesmen. We can discover no reason, and we are given none by those attempting to uphold this act, for this obvious discrimination, nor for the exemption of insurance brokers and agents engaging in the real estate business, from the provisions of the act under review. It is a matter of common knowledge that the business of insurance broker or agent, and the business of real estate broker or agent, are combined and conducted by the same person, firm, or corporation, quite generally, and hence that the aforesaid exemption of such persons, firms, or corporations, so combining these two forms of business, from the provisions of this act, would have such a widespread effect as to not only render the act obnoxious to the claim that it was not a general law, but also to create a discrimination so sweeping in its scope and effect as to compel the conclusion that the act would not have secured its passage by the legislature save for the inclusion in it of this exemption; and hence, of necessity, that if such exemption is invalid, the entire act must fail. We can perceive no escape from these conclusions. The foregoing reasoning and conclusions also apply to persons, firms, or corporations holding certificates of authority or licenses from the bureau of building and loan supervision, in so far as this act purports to exempt such persons, firms, or corporations from these provisions in case they or any of them engaged in the business of dealing in real estate in the capacity of brokers or salesmen, as de-

fined in this act. The law is well settled that a statute which contains exemptions amounting to substantial discriminations between those attempted to be classified, where no reasonable basis for the classification exists, is violative of the provisions of the constitution requiring the passage of general laws and forbidding special legislation in all cases where general laws can be made applicable. (*Pasadena* v. *Stimson,* 91 Cal. 238, [27 Pac. 604]; *Ex parte Bohen,* 115 Cal. 372, [36 L. R. A. 618, 47 Pac. 55]; *Rauer* v. *Williams,* 118 Cal. 407, [50 Pac. 691]; *Ex parte Sohncke,* 148 Cal. 262, [113 Am. St. Rep. 236, 7 Ann. Cas. 475, 2 L. R. A. (N. S.) 813, 82 Pac. 956].)

The petitioner herein assails certain other of the exemptions found in the provisions of this act above set forth. But one of these requires brief notice, namely, the clause relating to the exemption of attorneys at law. The language of the clause in question is as follows: "Nor shall this act be construed to interfere in any way with the services rendered by an attorney at law." In view of the fact that this clause occurs in the midst of a provision having relation to the exemption of persons performing the several acts of dealing in or with real estate, for which real estate brokers or salesmen, not being attorneys at law, must procure licenses, its purpose is, to say the least of it, obscure; and since the act itself is penal in its requirements that all persons not in the exempted classes who undertake to engage in the real estate business as brokers and salesmen shall possess licenses, and in its penalties to be imposed upon those not having licenses so to do, it might plausibly be argued that attorneys at law conducting transactions in relation to real estate in the capacity of salesmen, brokers, agents, or mortgagees or rent collectors are by virtue of the above-quoted clause exempted from the provisions of the act. We do not, however, deem it necessary to finally pass upon this question, in view of what has been said of the clearer invalidity of the act upon the former ground; nor do we deem it necessary to discuss the other exemptions in the act which the petitioner herein assails, nor in fact to consider the other points of attack made by him upon the constitutionality of the act. If it is not in its present form a general law, then the question as to whether or not a general law dealing with the same subject matter would be a valid exercise of legislative power is not at present before this court.

It is ordered that the writ be upheld and the petitioner discharged.

Sloss, J., Wilbur, J., Melvin, J., Victor E. Shaw, J., *pro tem.*, and Angellotti, C. J., concurred.

Rehearing denied.