[S. F. No. 14781. In Bank.—October 27, 1933.]

JOHN C. MOORE, Appellant, v. U. S. WEBB, as Attorney-General, etc., et al., Respondents.

John C. Moore, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, *in pro. per.*, Robert W. Harrison, Chief Deputy Attorney-General, W. R. Augustine, Deputy Attorney-General, Frank L. Guerena, Matthew W. Brady, District Attorney, and M. L. Choynski, Assistant District Attorney, for Respondents.

THE COURT.—Appeal from a judgment entered on an order sustaining without leave to amend the several demurrers of the defendants to the plaintiff's complaint.

The plaintiff furnishes a motor club service under the name of Pacific National Automobile Association. In 1929 (Stats. 1929, chap. 818, amended 1931, chap. 165), the legislature passed an act defining and regulating so-called motor club service. By section 1 of the act such service is defined as the "rendering, furnishing, or procuring of towing service, emergency road service, insurance service, bail bond service, discount service, financial service, buying and selling service, theft service, map service and touring service, or any one or more thereof, as herein defined, to any person or persons in connection with the ownership, operation, use or maintenance of a motor vehicle by such other person or persons in consideration of such other person or persons being or becoming a member or members of any company, rendering, procuring or furnishing the same, or being or becoming in any manner affiliated therewith, or being or becoming entitled to receive membership or other motor club service therefrom by virtue of any agreement or understanding with any such company".

Section 2 requires the deposit with the insurance commissioner of the sum of $100,000 in cash or securities approved by the insurance commissioner, or a bond with a corporate surety approved by the commissioner, to insure faithful performance in the sale or rendering of motor club service and the payment of any fines or penalties levied for failure to comply with the act. A certificate to be issued by the commissioner is required, for which an annual license fee of $10 is exacted.

The commissioner is given the power for cause shown and after a hearing and determination that a company has violated the provisions of the act, or that it is insolvent, or that its assets are less than its liabilities, or that it or its officers refuse to submit to an examination, or that it is transacting business fraudulently, to revoke or suspend its certificate.

A provision required to be inserted in every service contract is that the contract may be canceled at any time by either party and the holder be entitled upon cancellation to a refund of the unused portion of the consideration paid calculated on a *pro rata* basis without any deductions.

Section 13 states: "Nothing in this act shall apply to a duly authorized attorney at law acting in the usual course of his profession, nor to any insurance company, bonding company, or surety company, now or hereafter duly and regularly licensed and doing business as such under the laws of the State of California."

The plaintiff alleges in his complaint that the Pacific National Automobile Association has more than 10,000 members in this and other states who hold service contracts with the plaintiff; that the principal competitors of the plaintiff are certain attorneys at law and certain insurance, bonding and surety companies who are furnishing a motor club service; and that said act was intentionally drawn so as to except the plaintiff's competitors and thus place an onerous and almost prohibitive burden on the plaintiff which his competitors are not required to meet. The usual constitutional grounds of alleged invalidity of the act are set forth. The plaintiff sought a decree that the act is unconstitutional and void, and an injunction restraining the defendants from attempting to enforce the act as against him.

The grounds of alleged invalidity are directed principally against section 13 of the act, which, it is claimed, provides a classification which is an unreasonable and unlawful discrimination. We conclude that any inquiry into any alleged ground of unconstitutionality directed against the other provisions of the act is answered adversely to the contentions of the plaintiff by the case of *United States Automobile Service Club* v. *Van Winkle*, 128 Or. 274 [274 Pac. 308], wherein provisions similar in practically all respects to the provisions of the act involved here, with the

exception of the provisions of section 13, were held constitutional and valid. The plaintiff relies on that case to support his contention that said section 13 renders the present act invalid. The provisions of section 13 were not enacted into the Oregon statute; or, rather, when our statute was enacted the classification features were dissimilar to those involved in the cited case. By section 4 of the Oregon statute any company which had been in continuous operation for a period of more than five years with a paid membership of more than 5,000 members within the state and shown to have financial responsibility was exempted from making the $25,000 cash or bond deposit otherwise required. It was held in that case that the classification provided was not founded upon any substantial difference and that section 4 of that act was invalid. That case, therefore, is not an answer on the exact point involved here.

The plaintiff's argument that section 13 of the act passed by the California legislature is unreasonably discriminatory as to attorneys at law is based on the premise that attorneys who conduct a motor club service are exempted from regulation under the act. This is not the case. The section excepts ''a duly authorized attorney at law acting in the usual course of his profession''. The rendering or furnishing, in the manner defined by the act, of any one of the types of service designated constitutes the person or company· so operating amenable to the provisions of the act. Thus the legislature saw that the act might be construed to include within its purview attorneys who, in the course of their usual service to clients, might be called upon to render, for instance, a bail bond service. The legislature therefore apparently considered it necessary to refute any intention which might be read into the act to classify such service as exclusively motor club service. On the other hand, in nowise may the language be construed to permit an attorney at law, merely because he is an attorney at law, to furnish a motor club service as defined by the act without complying with all of its provisions. That is to say, clearly it is not within the usual course of the profession of an attorney at law to render, furnish or procure any one or more of the several services defined for any person in consideration of such person's becoming a member of any club or company which furnishes such service. In the case of *In re Raleigh,*

177 Cal. 746 [171 Pac. 950], a proviso in the real estate broker's license law of 1917 (Stats. 1917, p. 1579), that the act should not be construed to interfere in any way with services rendered by an attorney at law was questioned. The question was expressly not determined for the reason that other discriminations involved were held sufficient to invalidate the act. When the same class was again the subject of legislative regulation (Stats. 1919, p. 1252) the language was amended to exclude any attorney at law acting in his professional capacity. In the case of *Riley* v. *Chambers,* 181 Cal. 589 [185 Pac. 855, 8 A. L. R. 418], the 1919 act was upheld, although without special comment on the foregoing exclusion provision noted in the opinion. The difference in the language used in the above two acts and the reasons for questioning it in the one case and not in the other are sufficiently obvious without further discussion thereof. We conclude that the appropriate language used in the present act does not create an unreasonable discrimination as to attorneys.

The plaintiff concedes that if there is similarity between the regulations and requirements under the law affecting insurance companies as such and the regulations prescribed by the present act, the exemption of such companies does not constitute an unreasonable classification. The plaintiff does not question that the requirements and regulations under the insurance law, which apply as well to insurance companies, surety companies, and bonding companies (sec. 594, Pol. Code), including the provisions specifying the amount of paid-up capital stock or actual deposit required, are sufficient to insure their honesty and financial responsibility, and are sufficiently similar so that not to except them from the provisions of the present act when otherwise amenable thereto would constitute duplicate regulation. The plaintiff's argument that section 13 of the Motor Club Service Act excepting such companies thus creates an unreasonable discrimination proceeds upon the assumption that the exemption also includes agents and brokers operating under the insurance regulations. Were such the fact there might be some merit to the contention under the case relied upon that the discrimination at least as to them was not founded upon any substantial difference. But the premise of the plaintiff is without foundation. The

language of the exception refers expressly to insurance companies, surety companies and bonding companies. It is but an elementary proposition that any others, when otherwise acting as members of the general class within the purview of the act, unless expressly excepted from its provisions may not be included in the exception by implication, especially when, as here, the implication is unnecessary.

The foregoing discussion answers all of the plaintiff's contentions with the exception of the contention that the cash or bond deposit prescribed is excessive and that it is illegal because the requirement is imposed on all alike without any inquiry into the size of the company or the possible extent of its financial liabilities. The power to impose this requirement in a proper case is not questioned. (*In re Cardinal,* 170 Cal. 519 [150 Pac. 348, L. R. A. 1915F, 850]; *U. S. Automobile Service Club* v. *Van Winkle, supra.*) The specific inquiry, outside of any showing that the exercise of the power is arbitrary or unreasonable, is one of economics for the legislature and not subject to review. (*Central Lumber Co.* v. *South Dakota,* 226 U. S. 157, 161 [33 Sup. Ct. 66, 57 L. Ed. 164].) However, in passing, we note that the facts alleged in the complaint show that the deposit required does not seem to be disproportionate to the present size and the possibilities in growth of the plaintiff's membership and its possible financial liabilities. No contention is made that the deposit required, compared to the regulations to insure financial responsibility on the part of insurance companies, is disproportionate, unreasonable or arbitrary.

The judgment is affirmed.