[Civ. No. 8494. Second Appellate District, Division One.—February 21, 1935.]

ELIZABETH ARMACOST, Appellant, v. ESTHER WILBERG et al., Respondents.

Tanner, Odell & Taft for Appellant.

Paul Nourse, and Forrest A. Betts for Respondents.

YORK, J.—This is an appeal by plaintiff from a judgment of nonsuit in favor of defendant Stevens, and from a judgment in favor of defendant Wilberg on a verdict given by the jury.

The action was one for damages for personal injuries, arising out of an automobile accident. The plaintiff was riding in the car driven by defendant Wilberg, to whom the car was loaned by the daughter of defendant Stevens, at a time when section 141¾ of the California Vehicle Act (as amended in 1929; Deering's Gen. Laws, Supp. 1929 ed., Act 5128), was in effect.

A motion for nonsuit was granted as to the defendant Stevens after the testimony showed without contradiction that defendant Stevens, long before the accident, had given the automobile involved in the accident to his daughter, who was not a party to the action. The car had always been registered in the daughter's name, and it is undisputed that defendant Stevens had given it to her at the time it was purchased.

There is nothing in the evidence which would justify the conclusion that the plaintiff was other than a guest riding with defendant Wilberg. The fact that she did not request a ride, or that she did not stop defendant on the street and request a ride, has nothing to do with the matter at all. The fact that the defendant Wilberg did not wish

to ride alone and for that reason asked the plaintiff to ride with her does not in any way change the application of the rule of law as to a guest, as laid down by section 141¾ of the California Vehicle Act. The argument that the plaintiff was not a guest because she had received compensation in that she had borrowed from defendant Wilberg a flashlight with which to study while riding to Los Angeles, and that she did not solicit a ride, does not prove or tend to prove that plaintiff was other than a guest of defendant Wilberg.

The refusal of instructions based upon any other hypothesis than that the driver must be found guilty of gross negligence in order that the plaintiff might recover, was proper, in view of the fact, fully established as a necessary result of the evidence, that the plaintiff was riding as a guest of defendant Wilberg.

No authority is cited by appellant, nor can we find any, that holds that the instruction that the rate of speed allowed by law to an automobile *approaching* an intersection on a boulevard, under the conditions shown herein, is forty miles per hour, is erroneous.

The judgments appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 21, 1935, and the following opinion then rendered thereon:

THE COURT.—On petition for rehearing. The petition is denied. For definition of gross negligence, and ruling as to circumstances under which the question is for the jury to determine, see *Cooper* v. *Kellogg*, 2 Cal. (2d) 504 [42 Pac. (2d) 59].

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 22, 1935.

Thompson, J., voted for a hearing.