[Civ. No. 10849. First Appellate District, Division Two.—October 10, 1938.]

ROSE CHRIST et al., Respondents, v. DELIA O'NEIL, Appellant.

Hadsell, Sweet, Ingalls & Lamb and Albert E. Bagshaw for Appellant.

Martinelli & Gardiner for Respondents.

NOURSE, P. J.—The plaintiffs, husband and wife, obtained a judgment on a verdict for personal injuries suffered by the wife while riding with the defendant in the latter's motor vehicle. The main cause of action relates to the circumstances under which the wife joined the defendant on the ride, and we will therefore refer to her as the plaintiff herein.

The plaintiff and defendant were friends and neighbors of long standing; they met almost daily for coffee and social conversation; they talked about ducks, chickens, and the peculiarities of their husbands. The defendant wanted some baby ducks, her husband didn't want her to have any baby ducks; the plaintiff told her that she knew a good place to buy some baby ducks, and would gladly go with the defendant to show her the place. This subject was discussed on numerous occasions, the defendant's problem being her difficulty in getting some money from her husband for the purchase.

At about 8 o'clock A. M. of April 16, 1937, the defendant called at plaintiff's home while the latter was engaged with the family washing, told her she had succeeded in getting some money from her husband to purchase the ducks, and asked her to accompany her. This, it should be said, was a common occurrence. The plaintiff had no car, and for many years past the defendant had been in

the habit of taking her into town to do shopping or just for a ride as a matter of sociability and companionship. The plaintiff testified that she could have easily directed the defendant how to find the place, but that she went along because the defendant was so insistent and that she consented as an act of friendly neighborliness; that, when she undertook the journey, she did not intend that she was compensating the defendant for giving her the ride by showing her the way; that she would not have made the trip for a stranger.

Upon these facts, the sole question is whether the plaintiff was a guest or a passenger. There is no conflict in the evidence, and no claim that the negligence of the defendant in the operation of the car was wilful misconduct within the meaning of section 403 of the Vehicle Code. The question narrows to this—did the plaintiff render "compensation for such ride" by discontinuing her family washing and undertaking to show the defendant the road to be taken. She testified that she did not so intend it, and that is a sufficient answer to the question. It was not a case of a joint business venture, such as that in *Walker* v. *Adamson*, 9 Cal. (2d) 287 [70 Pac. (2d) 914], but one "nothing more than the exchange of social amenities" and "reciprocal hospitality" as in *McCann* v. *Hoffman*, 9 Cal. (2d) 279, 285 [70 Pac. (2d) 909]. Supporting this view are *Chaplowe* v. *Powsner*, 119 Conn. 188 [175 Atl. 470, 95 A. L. R. 1177], *Master* v. *Horowitz*, 237 App. Div. 237 [261 N. Y. Supp. 722], affirmed in 262 N. Y. 609 [188 N. E. 86], *Armacost* v. *Wilberg*, 4 Cal. App. (2d) 685 [42 Pac. (2d) 393], *Crawford* v. *Herzog*, 3 Cal. App. (2d) 705 [40 Pac. (2d) 954], and *Rogers* v. *Vreeland*, 16 Cal. App. (2d) 364 [60 Pac. (2d) 585]. In the Master case, *supra*, which is cited with approval in *McCann* v. *Hoffman*, *supra*, the plaintiff went with defendant to show the latter where a dentist's office was located, the defendant alone requiring the services of a dentist. It was held that the plaintiff was a guest and not a passenger.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 8, 1938.