[L. A. No. 18357. In Bank. Dec. 2, 1943.]

MARGARET KRUZIE et al., Appellants, v. MABEL SANDERS et al., Respondents.

Thomas F. Lopez for Appellants.

Chester O. Hansen, Hoge, Pelton & Gunther and A. Dal Thomson for Respondents.

GIBSON, C. J.—This is an appeal from a judgment after nonsuit in an action for damages for personal injuries. Plaintiffs are husband and wife, as are defendants. At the time of the accident Margaret Kruzie was riding in an automobile owned by Frank Sanders and driven with his consent by his wife, Mabel Sanders. Two questions are presented on this appeal: (1) Did plaintiff, Margaret Kruzie, accept a ride in the automobile without giving compensation therefor? (2) Was the evidence sufficient to establish the negligence of defendant, Mabel Sanders?

In stating the facts we shall, in accordance with the settled rule in cases of nonsuit, present the evidence most favorable to plaintiffs. The parties had been acquainted for some time, defendants occasionally taking their meals at a cafe operated by plaintiffs in Coalinga. In December, 1940, Mrs. Kruzie (hereafter called plaintiff) was asked by Mrs. Sanders (hereafter called defendant) to go with her to Fresno to assist her

with some Christmas shopping. Defendant told plaintiff she wanted her advice in the selection of a ring as a present for Mr. Sanders, and her help in choosing presents for some girls who at one time worked at a cafe formerly owned by Mr. Kruzie. Plaintiff had no special knowledge of the jewelry business but she had good taste and she knew "the sizes and different things" appropriate as presents for the girls. Plaintiff told defendant she could not go, as there was no one to take her place at the cafe. For nearly a week defendant continued to urge plaintiff to accompany her, and finally she consented to go along. Plaintiff had already done her Christmas shopping and she was making the trip solely for the purpose of assisting defendant in the selection of presents and carrying packages. Defendant called for plaintiff at the cafe and they started for Fresno, sixty miles away. The accident occurred on Kearney Boulevard, the main traveled portion of which had an oiled surface and a very high crown. The boulevard is lined on both sides with eucalyptus trees, and on the day of the accident the roadway was wet and slick, its slippery condition being caused in part by sap from the trees. Defendant was driving with a robe wrapped around her legs, and shortly before the accident the car was traveling between 55 and 60 miles per hour. The testimony of plaintiff as to the speed of the car was corroborated by a disinterested witness who, driving in the same direction as defendant, was passed by her car a few minutes before the accident occurred. Plaintiff was frightened and cautioned defendant against driving so fast, and warned her that she had heard that oil from the trees made the roadway slippery. Defendant answered, "Don't worry, Margery, I can handle this car perfectly." Shortly thereafter the car skidded off the road and struck a tree causing serious injuries to plaintiff. A traffic officer who was at the scene of the accident immediately after it happened, testified that "any person who would drive on that [road] over 30 miles an hour would be endangering their lives."

The evidence of negligence was sufficient to take the case to the jury, and the judgment of dismissal cannot be sustained upon the ground of failure to prove lack of due care. The contention of defendants to the contrary is so obviously without merit that it requires no further discussion.

Since plaintiff claims that defendant was guilty only of ordinary negligence, she must establish that she did not

accept the ride as a guest without giving compensation therefor, within the meaning of section 403 of the Vehicle Code, which provides: "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver." ▇ The designations "passenger" and "guest" have been adopted for the purpose of distinguishing a person who has given compensation within the meaning of the statute from one carried gratuitously. (*Cf. Humphreys* v. *San Francisco Area Council,* 22 Cal.2d 436, 441 [139 P.2d 941]; *McCann* v. *Hoffman,* 9 Cal.2d 279, 282 [70 P.2d 909]; *Whitechat* v. *Guyette,* 19 Cal.2d 428, 430 [122 P.2d 47].) ▇ It is settled that benefits to the driver other than cash or its equivalent may be "compensation." (*Druzanich* v. *Criley,* 19 Cal.2d 439 [122 P.2d 53]; see *McCann* v. *Hoffman, supra,* at p. 283; *Humphreys* v. *San Francisco Area Council, supra,* at p. 452.) In the Druzanich case the sole benefit received by the driver was the promise of the passenger to share in the driving. In *Haney* v. *Takakura,* 2 Cal.App.2d 1 [37 P.2d 170, 38 P.2d 160], cited with approval in the Druzanich case, compensation was found where the defendant driver asked the plaintiff to accompany him into town to assist in selling oranges. ▇ In the present case the evidence that plaintiff took the trip at defendant's request in order to aid defendant with her Christmas shopping clearly shows a substantial benefit to defendant within the Druzanich and Haney decisions.

▇ Defendant contends that the purpose of the trip was primarily social and that the services to have been rendered by plaintiff were incidental to the relationship of host and guest. She cites *McCann* v. *Hoffman,* 9 Cal.2d 279 [70 P.2d 909], which held that when the purpose of an automobile trip is social or for the joint pleasure of the participants, the exchange of social amenities such as sharing the cost of gasoline and oil is merely incidental and does not constitute compensation. The evidence here, however, contrary to defendant's contention, is sufficient to support a finding that the principal purpose of the trip, including the furnishing

242

of transportation to plaintiff, was not social but was to facilitate defendant's Christmas shopping. As said heretofore, plaintiff had already done her own shopping and went on the trip, leaving her own work, at defendant's repeated urging and solely for the purpose of assisting defendant. ■ Furthermore, as stated in the McCann case, compensation is given if the plaintiff accepts a ride "at the behest of the driver to assist the latter in arriving at his destination or fulfilling the object of the journey" or where a special benefit to defendant is "the motivating influence for furnishing the transportation." (9 Cal.2d at pp. 283, 286.)

■ Although section 403 of the Vehicle Code defines a guest as a person who accepts a ride "without giving compensation for such ride," it is not necessary, in order to avoid the prohibition of the statute, for plaintiff to establish that the compensation received by the driver was given "for such ride" in the sense that plaintiff obtained or purchased transportation for some independent purpose of her own. Where the trip was not primarily for a social purpose, it is sufficient to show that defendant was to derive a substantial benefit from the transportation of plaintiff, and the fact that plaintiff received no benefit therefrom is immaterial. ■ Guest statutes must be interpreted in accordance with the intention of the Legislature. A primary policy underlying these statutes is to prevent recovery for ordinary negligence by a guest in an automobile who has accepted the hospitality of the owner or driver. (See *Crawford* v. *Foster*, 110 Cal.App. 81, 87 [293 P. 841]; *Rocha* v. *Hulen*, 6 Cal.App.2d 245, 251 [44 P.2d 478]; *Carey* v. *City of Oakland*, 44 Cal.App.2d 503, 507-508 [112 P.2d 714]; *Albrecht* v. *Safeway Stores* (1938), 159 Ore. 331 [80 P.2d 62, 65]; 26 Cal.L.Rev. (1938), 251, 252; 29 Corn.L.Q. (1943), 87, 90-91.) ■ The statute was not designed to bar recovery where, as here, the driver, rather than the person transported, benefited from the trip. It was not intended to prevent recovery for the negligence of a driver, such as the defendant herein, who requested a favor of plaintiff and furnished the ride merely as a means of obtaining that favor. (*Cf. Haney* v. *Takakura, supra*, 2 Cal.App.2d 1; *Carey* v. *City of Oakland*, 44 Cal.App.2d 503 [112 P.2d 714].) Many recent decisions in other jurisdictions, construing statutes similar to section 403, have held that a person who accepts a ride solely to perform a gratuitous service for the driver is a passenger giving compensation and not a guest.

(*Goldberg* v. *Cook,* 206 Minn. 450 [289 N.W. 512]; *Cardinal* v. *Reinecke,* 280 Mich. 15 [273 N.W. 330, 274 N.W. 379]; *Forsling* v. *Mickelson,* 66 S.D. 366 [283 N.W. 169]; *Mitchell* v. *Heaton,* 231 Iowa 269 [1 N.W.2d 284]; *Scholz* v. *Leuer,* 7 Wn.2d 76 [109 P.2d 294]; *Albrecht* v. *Safeway Stores,* 159 Ore. 331 [80 P.2d 62]; *Dorn* v. *Village of North Olmsted,* 133 OhioSt. 375 [14 N.E.2d 11]; *George* v. *Stanfield,* 33 F. Supp. 486; *Van Auker* v. *Steckley's Hybrid Seed Corn Co.,* ——— Neb. ——— [8 N.W.2d 451]; *cf. Holtsinger* v. *Scarbrough,* ——— Ga.App. ——— [24 S.E.2d 869].) In the Goldberg case, *supra,* defendant's mother, without expectation of reward, went on a trip to help take care of defendant's children. The court in affirming a judgment for plaintiff said (289 N.W. at p. 515): "The controlling consideration here is not that plaintiff was not to be compensated for her services or that she was defendant's mother, but that her transportation was a benefit to defendant. . . . [The statute] should be construed as providing that a person transported gratuitously for the benefit of the owner or operator of the automobile is not a guest."

 Defendant relies upon *Christ* v. *O'Neil,* 28 Cal.App.2d 651 [83 P.2d 96], a case in which plaintiff went on the trip for the purpose of showing defendant where she could buy some baby ducks. A judgment for the plaintiff was reversed on the theory that the case was within the rule announced in *McCann* v. *Hoffman,* 9 Cal.2d 279 [70 P.2d 909], that there was no compensation where "nothing more than the exchange of social amenities" and "reciprocal hospitalities" was involved. (See 28 Cal.App.2d at p. 653.) Although this is a correct statement of the rule, it is questionable whether the court properly applied it to the facts of the Christ case in holding, as a matter of law, that no compensation was given. *Christ* v. *O'Neil, supra,* is therefore disapproved insofar as it may be in conflict with our decision here.

The case should have been submitted to the jury and it was therefore error to grant a nonsuit.

Judgment reversed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.

Respondents' petition for a rehearing was denied December 27, 1943.