[No. 31798.  Department Two.  October 29, 1951.]

LILLIAN I. PRATT, *Appellant*, v. JOSEPH K. STREVER et al., *Respondents*.[1]

*D. V. & Lane Morthland*, for appellant.

*George C. Twohy*, for respondents.

FINLEY, J.—In this case Lillian Pratt, appellant, seeks to recover damages for personal injuries sustained by her as a passenger in an automobile operated by Joanne Strever, one of the respondents herein. Appellant claims that the family car doctrine should be applied. It is alleged in the complaint that the automobile, being driven negligently and carelessly by respondent Joanne Strever, left the highway and collided with a stationary object, causing severe and painful injuries to appellant.

The significant portions of the complaint in so far as this appeal is concerned are contained in paragraph three, which reads as follows:

¹Reported in 236 P. (2d) 779.

"That heretofore and prior to October 14, 1950, the Plaintiff herein secured employment for herself and for the Defendant Joanne Strever as apple pickers for a certain farmer residing in the vicinity of Yakima, Washington. That on October 14, 1950, the plaintiff herein advised the Defendant Joanne Strever, that she, the Plaintiff, had secured such employment for said Defendant and that said Defendant thereupon accepted said employment for the period of October 18th and 19th, 1950, and did at that time request the Plaintiff to meet her in Yakima, Washington on the evening of October 17, 1950, whereupon said Defendant would transport the Plaintiff and herself to the place of said employment."

A general demurrer to the complaint was sustained by the trial court. Appellant elected to stand on her complaint, whereupon judgment was entered dismissing the action, and this appeal followed.

The question to be decided is whether the complaint stated facts sufficient to overcome the bar of our host-guest statute, Rem. Rev. Stat., Vol. 7A, § 6360-121 [P.P.C. § 295-95]. Appellant relies principally upon *Scholz v. Leuer*, 7 Wn. (2d) 76, 109 P. (2d) 294; and *Parrish v. Ash*, 32 Wn. (2d) 637, 649, 203 P. (2d) 330; and cites *Kruzie v. Sanders*, 23 Cal. (2d) 237, 242, 143 P. (2d) 704, 706.

Appellant contends that the aforementioned cases established the principle that the host-guest statute does not apply where there is payment for the transportation out of which the injury arose; furthermore, that "payment for transportation" does not necessarily have to be made in money. With this general proposition we are in complete agreement. The demurrer in this case admitted the truth of all facts well pleaded; however, we are not convinced that the pleader has established a case of "payment for transportation" even as that phrase has been somewhat liberally construed by this court in the *Scholz* and *Parrish* cases, mentioned heretofore. In *Kruzie v. Sanders, supra,* the California court said:

"Compensation is given if the plaintiff accepts a ride 'at the behest of the driver to assist the latter in arriving at his destination or fulfilling the object of the journey' or where

a special benefit to defendant is 'the motivating influence for furnishing the transportation.' "

Assuming that the extremely liberal view of the California court might be a persuasive influence, we are not convinced that the pleader has spelled out a case that would fall within the rule as formulated by the California court.

The language of paragraph three of appellant's complaint, given its usual meaning, does not indicate a situation where the automobile passenger accepted a ride at the driver's behest, clearly and specifically to assist the driver, (a) in arriving at her destination, or (b) in fulfilling the object of the journey. Similarly, it does not reveal a situation where a special benefit to the respondent was the motivating influence for furnishing the transportation.

The judgment of the trial court is affirmed.

HILL, HAMLEY, WEAVER, and OLSON, JJ., concur.