Beverly June MOORE, individually and as Administratrix of the Estate of James D. Moore, deceased; and James Michael Moore, a minor who sues by his next friend and mother, Beverly June Moore, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 9110.

United States District Court
N. D. Alabama, S. D.

Nov. 12, 1959.

Lindbergh, Murphy & Ansley; Levine, Fulford & Gwaltney and R. Clifford Fulford, Birmingham, Ala., for plaintiffs.

W. L. Longshore, U. S. Atty., and M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., for defendant.

GROOMS, District Judge.

The widow and minor son of James D. Moore sued the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., seeking damages for the death of their decedent in a mid-air collision that occurred on February 1, 1958, between two military aircraft over Norwalk, California. At the time of his death, the deceased, a member of the Alabama Air National Guard, was occupying a seat on one of the colliding aircraft on a space available basis as authorized by Air Force Regulations, as amended.[1] Both aircraft, an Air Force

---

[1]. AFR 76-6(4) (b)

"(4) *Authorization.* Competent authorities listed in paragraph 2d may authorize traffic of the following categories transported on military aircraft without reimbursement. Any traffic transported under the provisions of this Regulation will be properly identified.

"(b) Military personnel of the National Guard and members of the Reserve components and retired military personnel whose names appear on the published retired list of the Army, Navy, Air Force, Marine Corps, or Coast Guard: Upon presentation of orders issued by competent authority or presentation of proper

C–118, occupied by the deceased, and a Navy P2V Neptune Patrol Bomber, were owned, operated and controlled by the defendant.

Among other defenses, defendant asserted the California airplane "guest" statute.[2] This defense, in the circumstances presented, is sufficiently novel to warrant this opinion on that aspect of the case.

■ The only case cited to the Court construing the California airplane "guest" statute refers to the more numerous automobile cases for authority as to its meaning and proper application in airplane cases. Whittemore v. Lockheed Aircraft Corp., 51 Cal.App.2d 605, 125 P.2d 531. A number of cases involving the California automobile "guest" statute[3] have enjoined strict construction and interpretation in accordance with the intention of the legislature "to prevent recovery for ordinary negligence by a guest in an automobile who has accepted the hospitality of the owner or driver." Kruzie v. Sanders, 23 Cal.2d 237, 143 P.2d 704, 706; Smith v. Pope, 53 Cal.App.2d 43, 127 P.2d 292; and other authorities therein cited. See also Blashfield, Cyclopedia of Automobile Law and Practice, Permanent Edition, Vol. 4, § 2313. The passenger does not have "guest" status within the act if the defendant derives a substantial benefit from transporting the plaintiff. Kruzie v. Sanders, supra; Carey v. City of Oakland, 44 Cal.App.2d 503, 112 P.2d

714; Whittemore v. Lockheed Aircraft Corp., supra. Nor is that benefit limited to cash or its equivalent. The words, "without giving compensation," as employed in both the automobile and airplane "guest" statutes of California, are not regarded as the equivalent of "without pay," and have been held to indicate an intention to exclude from the onus of the "guest" statutes persons "who give such recompense for the ride as may be regarded as compensation therefor, that is, a return which may make it worth the other's while to furnish the ride * *." (Carey v. City of Oakland, supra) [44 Cal.App.2d 503, 112 P.2d 717].

■■ Plaintiffs argue that when the Air Force, by its regulations, authorized their decedent, as a member of the Alabama Air National Guard, to ride its aircraft on a space available basis, it constituted recognition of the value to the United States of decedent's service and state of military preparedness which made it worth the defendant's while to furnish him the ride; however, it is unnecessary to decide this issue.

Whether the deceased was or was not a "guest" on the C–118, and whether the crew of that plane was or was not negligent, issues which are unnecessary to a decision, there was negligence on the part of the crew of the P2V and on the part of the ground personnel of the defendant, which proximately caused decedent's death. Certainly he was not a "guest" of the defendant with respect to

identification on a space-available basis within the zone of the interior after all priority requirements have been satisfied. The certificate required by paragraph 13 must be executed."

2. "A guest riding in or upon any aircraft without giving compensation, or any other person, does not have any right of action for civil damages against the airman flying the aircraft or against any other person otherwise *legally liable for the conduct* of the airman, on account of personal injury to, or the death of, the guest during such ride, unless the plaintiff in the action establishes that the injury or death proximately resulted from the intoxication or wilful misconduct of the airman." Stats.1929, c. 850, § 11½. Cali-

fornia Air Navigation Act, Gen.Laws 1937, Act 151—Aeronautics Commission Act, Public Utilities, § 21406.

3. Vehicle Code, § 403, St.1935, p. 154.
"No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person *legally liable for the conduct* of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver."

the conduct of the crew of the P2V and of the ground personnel. A contrary holding would, in the Court's opinion, contravene the legislative intent that led to the enactment of the guest statute.

Where, as here, a plane owned by the defendant and flown by another of its agents is negligently caused to collide with the host plane, the guest statute would not, by the fact of common ownership of the two planes, insulate the defendant from the consequences of the negligence of second agent to whom the deceased bore no guest relationship.

Judgment in accordance with the Findings of Fact and Conclusions of Law has heretofore been entered in favor of the plaintiffs and against the defendant in the amount of $40,000.