[Civ. No. 18589.   First Dist., Div. Two.   Aug. 1, 1960.]

GEORGE HAYES, Appellant, v. RAYMOND HARRY, Respondent.

Harold A. Galloway and Harry Gonick for Appellant.

Ericksen, Ericksen & Kincaid and Richard D. Bridgman for Respondent.

STONE, J. pro tem.*—Plaintiff was injured while riding in an automobile driven by defendant. The principal question presented is whether plaintiff was a guest or a passenger. The jury brought in a defense verdict and plaintiff appeals from the judgment entered thereon. Plaintiff and one McCaskill had planned a trip to Reno by bus for the purpose of gambling. McCaskill told defendant of the proposed trip and he suggested that all three go and use his car. McCaskill bought $5.00 worth of gasoline which was used in defendant's car and plaintiff gave defendant $8.00 in cash. Plaintiff testified that the $8.00 was intended to be approximately the bus fare to Reno and return, but defendant denied that the money was paid as a fare, testifying that the money was simply to help defray the expense of the trip. The three met at the Ebony Plaza Hotel in Oakland on May 4, 1956, and between 6:30 and 7 p. m. left for Reno in defendant's car. They arrived in Reno between 11 and 12 p. m., defendant driving the entire distance. Each went his own separate way apparently gambling until 3 a. m., except for time out for eating. They drank from a half pint of Scotch and about 3:30 a. m. started home, defendant again driving his car. Some two hours later at a point between Colfax and Auburn the car left the highway and went over an embankment. Defendant testified that he

---

*Assigned by Chairman of Judicial Council.

dozed while driving and awakened just as the front wheel of his car was going over the grade. Plaintiff was asleep at the time and had been asleep during the entire trip from Reno to the point where the accident occurred.

Plaintiff did not charge defendant with driving while intoxicated nor with wilful misconduct but predicated his right to recover on defendant's negligence. Vehicle Code, section 17158, which was numbered 403 at the time the cause of action arose, provides: "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the guest during the ride . . ." Plaintiff assigns as error the refusal of the court to grant his motion for a directed verdict on the guest issue.

Whether a rider is a passenger or a guest is a question of fact unless the admitted facts can give rise to but one reasonable conclusion (*Shapiro* v. *Bookspan,* 155 Cal.App.2d 353, 358 [318 P.2d 123]). The criterion by which the facts are judged in determining the status of the rider within the purview of Vehicle Code, section 403, is stated by Chief Justice Gibson in *Whitmore* v. *French,* 37 Cal.2d 744, 746 [235 P.2d 3] as follows:

"The designations 'passenger' and 'guest' have been adopted for the purpose of distinguishing a person who has given compensation within the meaning of section 403 of the Vehicle Code from one carried gratuitously. (*Kruzie* v. *Sanders,* 23 Cal.2d 237, 241 [143 P.2d 704].) A person who accepts a ride does not cease to be guest and become a passenger merely by extending customary courtesies of the road, such as paying bridge or ferry tolls (see Rest., Torts, § 490, comment a), and it has been held that the sharing of expenses does not destroy the host and guest relationship if nothing more is involved than the exchange of social amenities and reciprocal hospitality. (*McCann* v. *Hoffman,* 9 Cal.2d 279 [70 P.2d 909].) Where, however, the driver receives a tangible benefit, monetary or otherwise, which is a motivating influence for furnishing the transportation, the rider is a passenger and the driver is liable for ordinary negligence. (See *Kruzie* v. *Sanders,* 23 Cal.2d 237 [143 P.2d 704]; *Druzanich* v. *Criley,* 19 Cal.2d 439 [122 P.2d 53]; *Whitechat* v. *Guyette,* 19 Cal.2d 428 [122 P.2d 47]; *Walker* v. *Adamson,* 9 Cal.2d 287 [70 P.2d 914]; *Kertstetter* v. *Elfman,*

327 Pa. 17 [192 A. 663, 664-666].) This is, of course, true whether the trip is for the joint pleasure of the participants or is of a nonsocial nature.''

Here plaintiff testified that he paid defendant transportation cost at $4.00 each way between Oakland and Reno but the defendant testified that the three men decided to go to Reno and gamble and have fun and that the $8.00 payment by plaintiff was but a sharing of expenses upon a social basis. A directed verdict for the plaintiff is proper only where there is no substantial evidence to support a verdict in favor of the defendant (*Reynolds* v. *Willson,* 51 Cal.2d 94, 99 [331 P.2d 48] ; *Estate of Lances,* 216 Cal. 397, 400 [14 P.2d 768]). Since there was a conflict in the evidence the trial court properly let the jury resolve the factual question (*Shapiro* v. *Bookspan, supra.*)

In defining the terms ''guest'' and ''passenger'' as used in Vehicle Code, section 403, the court gave the following paragraph from BAJI Instruction Number 209:

''The mere sharing of expenses of a motor trip does not in and of itself cause the rider who pays part of such expenses to be a passenger rather than a guest. If such a contribution is *the* motivating influence for furnishing the transportation, and if the arrangement has a character similar to that of a business agreement, then the payment is compensation for the ride and the one who thus rides, pays or agrees to pay as a passenger, but if the purpose of the trip is merely the joint pleasure of the participants, and if that objective is what led to the trip as a social occasion, and if the sharing of expenses is merely incidental, then one who thus rides with the driver, although sharing in the expense, is a guest.'' (Italics added.)

Plaintiff alleges that use of the article ''the,'' italicized in the quoted instruction, rather than the article ''a'' misled the jury and constituted prejudicial error. He argues that the instruction required the jury to find a single, ''the,'' motivation which influenced defendant to furnish the transportation while there may have been several motives, the contribution being just one of them. Plaintiff's contention is not new. The use of a definite, as contrasted with an indefinite, article in jury instructions in general, as well as the use of the article ''a'' in the particular instruction before us, are thoroughly discussed and analyzed in *Gillespie* v. *Rawlings,* 49 Cal.2d 359, 364 [317 P.2d 601]. The Supreme Court held that the use of ''the'' rather than ''a'' was not error and could not be

said to have misled the jury. We quote briefly from page 364: "The cases which use the phrase 'a motivating influence' and those which use the phrase 'the motivating influence' do not, because of this difference in phraseology, state different principles. The thought conveyed by both groups of cases is that the tangible benefit, not mere pleasure, kindness, or friendship alone, must be the principal inducement for the ride to constitute compensation." (See also *Hart* v. *Chaffin*, 144 Cal. App.2d 326, 331 [300 P.2d 905]; *Baker* v. *Novak*, 144 Cal. App.2d 514, 518 [301 P.2d 257].) The use of the word "the" rather than "a" in the instruction complained of did not constitute reversible error.

Plaintiff offered instructions designed to distinguish between a guest and a passenger which were refused. Instead the court gave BAJI 209 in its entirety, a part of which is quoted *supra*. The subject was adequately covered and plaintiff's proffered instructions added nothing which the given instructions did not cover in substance. ■ A party is not entitled to have the substance of instructions given by the court repeated in different language (*Duff* v. *Schaefer Ambulance Service, Inc.*, 132 Cal.App.2d 655, 679 [283 P.2d 91]).

■ Plaintiff cites several instances where the trial judge sustained an objection to his questions aimed at defendant's intent. His purpose, of course, was to determine defendant's motive for taking plaintiff's money and for making the trip. The trial court misconceived the purport of the questions and improperly sustained the objections, since motive for the consideration given is one of the elements by which the status of a rider is determined. However, we have carefully gone over the record and we do not believe reversible error was committed since the subject matter was covered by other questions which were answered by the witness. In fact, some questions which were answered were the same in substance as those to which objection was sustained, they differed only in phraseology. Also the parties and McCaskill testified extensively as to the conversations and acts of the parties. McCaskill was permitted to give the substance of conversations between him and the defendant as well as him and the plaintiff on the theory that he was acting as defendant's agent. In view of the record we do not believe that the intentions of the defendant or the plaintiff were left unexpressed or hidden. We do not find reversible error in the objections sustained by the court as cited to us in plaintiff's brief.

■ Plaintiff's last contention is that the court erred in permitting defendant to amend his answer to plead the affirmative defense of contributory negligence. This assignment of error also goes to the court's instruction to the jury on the law of contributory negligence. Plaintiff argues that since he was asleep at all times from Reno until the occurrence of the accident he couldn't have been guilty of contributory negligence. There was evidence that plaintiff had knowledge that defendant had worked all day before commencing the trip, that he did all the driving from Oakland to Reno arriving about midnight, that he gambled approximately three hours, took some drinks from a half pint bottle of Scotch and then commenced the return trip from Reno to Oakland, leaving sometime between 3 and 3:30 a. m. It could be inferred that plaintiff was contributorily negligent in riding with a driver under such circumstances since he might well be not only tired but sleepy. It might be inferred that plaintiff was negligent in not remaining awake while riding with a driver under the circumstances disclosed by the evidence. ■ In *Malone* v. *Clemow,* 111 Cal.App. 13, page 19 [295 P. 70], the court said:

"In *McDermott* v. *Sibert,* 218 Ala. 670 [119 So. 681], the court used the following language which is particularly appropriate in the cases at bar, 'When a guest is asleep it is entirely a question for the jury to determine whether or not he could have done anything if awake; or whether it considered him contributorily negligent in the same regard as if he were not asleep.' "

Thus the court did not err in allowing defendant to amend his answer to allege contributory negligence and by submitting the question of contributory negligence to the jury as a fact question.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.