[Civ. No. 6445.    Fourth Dist.    Oct. 7, 1960.]

WALDEMAR T. AHLGREN, Respondent, v. GEORGE
AHLGREN, Appellant.

McInnis, Focht & Fitzgerald and John W. McInnis for Appellant.

Augustine & Bryans and C. H. Augustine for Respondent.

GRIFFIN, P. J. — Plaintiff and respondent, owner and occupant of a Chrysler car, brought this action for damages against his brother, defendant and appellant George Ahlgren, its driver. The complaint, after alleging these facts, averred that George, on March 28, 1953, negligently operated plaintiff's car so as to strike a car driven by one Guillermo Agundez, resulting in serious and permanent injuries to plaintiff. Defendant answered, admitted certain allegations, denied others, and alleged that defendant was operating plaintiff's car at the time, as plaintiff's agent, servant and employee, under his immediate direction and control, and at his special instance and request; that he was driving plaintiff's car as a social favor and gratuity by reason of plaintiff's having partaken of intoxicating liquor. At the first trial, it was stipulated that:

"George Ahlgren as driver and operator of the automobile was in the exclusive control and possession of it and was the operator and driver and that he was negligent in the operation and driving of the automobile and that his negligence was a proximate cause of the plaintiff's injuries, who was at the time and place riding in the automobile."

It further appeared that Agundez obtained a judgment against both brothers in another independent action, as a result of the collision. The remaining facts, about which there is little or no dispute, are specifically set forth in the prior decision of this court in *Ahlgren* v. *Ahlgren*, 152 Cal.App.2d 723 [313 P.2d 88] (hearing denied by Supreme Court). We there held that Vehicle Code, section 403, relating to a guest's right to recover for injuries received while riding in an

automobile, is limited to guests and that under ordinary circumstances an owner riding in his own car, while it is being driven by another person, is not a guest. See also *Ray* v. *Hanisch*, 147 Cal.App.2d 742 [306 P.2d 30]. The reversal of the judgment was based upon the finding and conclusion of the trial court that section 403, Vehicle Code, the guest statute (now Veh. Code, § 17158), which was not pleaded, relieved defendant of liability because it believed plaintiff, while riding in his own car, was a guest within the meaning of that section. On a retrial, defendant obtained an order relieving himself of any previous stipulations previously entered into between counsel. He amended his answer, omitted the claimed principal-agent relationship, and alleged that plaintiff was a guest within the meaning of section 403, Vehicle Code.

The principal questions remaining to be determined after the reversal were whether defendant was negligent, whether plaintiff was a passenger in his own car as contended by him or was a guest in his own car, and to determine his status and fix the question of damages, if any. Defendant again, on this appeal, claims immunity under section 403, Vehicle Code, and cites *Phelps* v. *Benson*, 252 Minn. 457 [90 N.W.2d 533]; 4 U.C.L.A. Law Review 652; *Benton* v. *Sloss*, 38 Cal.2d 399 [240 P.2d 575]; and *Frankenstein* v. *House*, 41 Cal.App.2d 813 [107 P.2d 624]; *Ray* v. *Hanisch, supra,* 147 Cal.App.2d 742; *Emery* v. *Emery*, 45 Cal.2d 421 [289 P.2d 218]. Defendant now states that at the trial he abandoned any claimed defense set forth in the answer that the negligence of defendant was imputed to plaintiff on the theory of principal and agent.

After some discussion, both parties stipulated that the trial judge to whom the case was assigned to hear without a jury could consider the transcript of the evidence produced at the former trial both as to extent of damages and as to whether plaintiff was a guest or a passenger and to fix his status. This court in the former appeal, in effect, held that plaintiff was not a guest within the meaning of section 403, Vehicle Code, under the evidence produced, even though that defense was not at that time pleaded. If there was a bailment, lease, or if he occupied some other status, that was a question of fact to be determined by the trial court from evidence produced in a subsequent hearing. Further testimony was taken as to plaintiff's present physical condition. The parties submitted the case on the present and previous record and transcript,

and the court, in a letter addressed to counsel, as gleaned from the briefs, stated:

"With respect to the status of the case as a result of the appellate court decision, it is my opinion, on the authority of *Weightman* v. *Hadley,* 138 Cal.App.2d 831 [292 P.2d 909], that the case was returned for trial de novo but that the appellate decision sets forth the law of the case in view of the facts the evidence is in no material respect different from that of the original trial. On that basis decision must be for the plaintiff and I find him to have been damaged in the sum of $31,500."

The court then found generally in favor of plaintiff; that plaintiff was not a guest but was riding as a passenger in the automobile driven by defendant and at the request of the plaintiff; that the service of defendant in so doing was without consideration; that defendant, in driving plaintiff's automobile, was then the *agent of plaintiff for such purpose*; that defendant negligently and recklessly drove said automobile so as to run into and collide with another automobile and as a direct and proximate cause of such negligence plaintiff received severe injuries, such as a broken pelvis and other bodily injuries resulting in permanent disfigurement throughout his body, and that his left leg now is and will continue to be at least one inch shorter than his right leg. Damages in the sum of $31,500 were awarded.

Defendant now claims on appeal that there was no allegation or proof that defendant was the *agent of plaintiff* and that the court was not authorized to base liability on the theory of principal and agent; that it is only where an owner is riding in an automobile being operated by another person that an inference of agency arises as to a third person (citing *Randolph* v. *Hunt,* 41 Cal.App. 739 [183 P. 358], and *Souza* v. *Corti,* 22 Cal.2d 454 [139 P.2d 645, 147 A.L.R. 861]); that the evidence here did not indicate the plaintiff exercised, or could exercise, any control over the actions or conduct of defendant in the operation of the car, and the relationship amounted to no more than a social nicety, or brotherly love, and not principal and agent for the purpose of dealings with third parties. But see *Glanville* v. *Cannick,* 182 Cal.App.2d 514 [6 Cal.Rptr. 175]. We concede that there is respectable authority holding that under certain circumstances an owner riding in his own car and driven by another may be held to be a guest. (*Phelps* v. *Benson, supra,* 90 N.W.2d 533 and cases

cited therein; *Ray* v. *Hanisch, supra,* 147 Cal.App.2d 742; Prosser on Torts, 1st ed., p. 499.)

In 26 California Law Review, at page 252, discussing the guest statute of California, it is said:

". . . since such statutes are in derogation of the common law in denying a remedy to guests where one existed before, the California courts have construed the Guest Statute strictly, defining 'guests' narrowly, and 'compensation' broadly. The latter construction is due to the obvious fairness of requiring a duty of ordinary care to the occupant of the car if he has conferred a benefit upon the driver. And the weight of authority now supports the view that almost any benefit or profit accruing to the driver or his principal from the transportation is 'compensation,' removing the rider from the guest category."

(See also *McCann* v. *Hoffman,* 9 Cal.2d 279 [70 P.2d 909].) Many incidents are cited in California Law Review, *supra,* wherein the status of the occupant of a car has been held to be outside the operation of the guest statutes. It was therein stated that these instances are (1) where compensation or benefit in some form was present; (2) mutual benefit contemplated of a business nature; (3) employer-employee relationship existing; and (4) "when the relationship of the parties is that of principal and agent, e.g., the owner of the car asks the guest to drive, the former thereby becoming a passenger." (Citing cases.) It is further noted in California Law Review at page 254, note 25:

". . . if the guest is a bailee of the car to whom the owner has relinquished all control, the owner himself becomes a guest, rather than a passenger." (Citing cases.)

Dean Prosser, cited in *Roberts* v. *Craig,* 124 Cal.App.2d 202, 210 [268 P.2d 500, 43 A.L.R.2d 1146], speaking on vicarious liability in joint enterprise cases, said:

"It is well settled that the vicarious liability which is designed for the protection of third persons against the risks of the enterprise does not extend to any action between the parties themselves, and that a negligent servant will be liable to his master, or one member of a partnership to another. Most of the courts which have considered the question have recognized this, and have held that the driver's negligence, which is itself the cause of action, will not bar the passenger's recovery."

To the same effect is *Harper* v. *Harper,* 225 N.C. 260 [34 S.E.2d 185, 189]. There, plaintiff Harper, owner of the car,

alleged that she was a guest in the car at the invitation of her husband, defendant driver, and she brought suit against the driver for injuries resulting from the heedless or reckless conduct of her husband. Plaintiff testified she had loaned the car to her husband to be used by him on a business trip, with the intent at the time that he should have exclusive control and management thereof while being so used. This testimony was in negation of her presumptive *right to control* and of the implied agency resulting from her presence at the time. In other words, she was endeavoring to show a bailment and surrender of control in order that she could be classified as a guest passenger and accordingly evidence of negligence of the driver would not be imputable to the owner. The court said (in *Harper* v. *Harper*, 34 S.E.2d 185, *supra*, at p. 189):

"She admits that she was the owner. Nothing else appearing, she had the right to become an occupant at any time without invitation, even though it was being used by defendant for his own benefit. Therefore, in view of her admission of ownership, to establish her relationship of invited guest at the time, it was essential for her to prove that there had been a bailment under the terms of which she relinquished, for the time being, the incidents of ownership, and particularly the right to control."

It further stated, at page 190:

"Strictly speaking the person operating with the permission or at the request of the owner-occupant is not an agent or employee of the owner, but the relationship is such that the law of agency is applied."

It also said, on page 190:

"Did the owner, under the circumstances disclosed, have the legal right to control the manner in which the automobile was being operated—was his relation to its operation such that he would have been responsible to a third party for the negligence of the driver?—If the owner possessed the right to control, that he did not exercise it is immaterial."

Bearing on this point, it is stated in the briefs of this case that one Rodriguez recovered judgment against both driver and owner in a sum in excess of $18,000 upon the apparent theory of principal and agent. If plaintiff was a guest in his own automobile driven by defendant, the judgment must necessarily have been predicated upon a finding that plaintiff was the principal of defendant agent. Otherwise the judgment against the owner would have been limited to the statutory limitations of $5,000 for one person or $10,000 for two or

more persons. (*Beam* v. *Pittsburgh Rys. Co.*, 366 Pa. 360 [77 A.2d 634, 640]; *Flores* v. *Brown*, 39 Cal.2d 622, 628 [248 P.2d 922]; *DuBois* v. *Owen*, 16 Cal.App.2d 552 [60 P.2d 1019]; *Roberts* v. *Craig*, 124 Cal.App.2d 202, 209 [268 P.2d 500, 43 A.L.R.2d 1146]; Veh. Code, § 402 (now § 17151); 7 Cal.Jur.2d 177, § 306.)

Section 403 of the Vehicle Code (now § 17158) provides that:

"LIABILITY FOR PERSONAL INJURY TO OR DEATH OF 'GUEST.' No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride . . . has any right of action for civil damages against the driver of such vehicle . . . unless. . . ."

It will be noted that this section does not, in itself, define the word "guest." ▆ In *Martinez* v. *Southern Pacific Co.*, 45 Cal.2d 244, 253 [288 P.2d 868], it is said:

"The guest statute . . . must be interpreted in accordance with the intent of the Legislature. ▆ The 'primary policy' underlying the statute 'is to prevent recovery for ordinary negligence by a guest in an automobile who has accepted the hospitality of the owner or driver.' " (Citing *Kruzie* v. *Sanders*, 23 Cal.2d 237, 242 [143 P.2d 704].)

▆ In *Emery* v. *Emery, supra*, 45 Cal.2d 421, 431, the court said:

" ' 'Courts will not immunize tortfeasors from liability in a whole class of cases because of the possibility of fraud, but will depend upon the Legislature to deal with the problem as a question of public policy.' . . . In California, the Legislature has dealt with the problem. Our guest statute . . . which was enacted to protect owners and operators of vehicles from fraudulent claims of those riding as guests . . . grants the owner and operator of a vehicle absolute immunity from liability for injuries proximately resulting from negligence in the operation of the vehicle. Since the Legislature obviously considered that the immunity thus granted was sufficient to protect the owner and operator from fraudulent claims, we think it improper for this court to extend that immunity further in a particular class of cases to claims for injuries proximately resulting from the operator's wilful misconduct or intoxication."

See also *Stober* v. *Halsey*, 88 Cal.App.2d 660 [199 P.2d 318].

▆ In *Prager* v. *Isreal*, 15 Cal.2d 89, 93 [98 P.2d 729], it was said:

"It is well settled in this and other states that the so-called 'guest laws' are in derogation of the common law and must be construed strictly. (Citing cases.) Furthermore, as stated in *Rocha* v. *Hulen, supra,* [6 Cal.App.2d 245 (44 P.2d 478)] 'The common law right of having redress for injuries wrongfully inflicted, being lessened by such statutes, necessitates strict construction, and also *that cases be not held within the provisions of such statutes unless it clearly appears that it should be so determined.*' (Emphasis ours.)"

In *Lorch* v. *Eglin,* 369 Pa. 314 [85 A.2d 841, 843], Lorch, the plaintiff, and Eglin, the defendant, started an automobile trip from Philadelphia to California. For Lorch it was a pleasure trip and for Eglin a business trip. The automobile belonged to Lorch, but Eglin agreed that he would pay for the gasoline, oil and parking. At the time of the accident, which occurred in Virginia, Eglin was driving and Lorch was seated beside him on the front seat. Virginia has a statute which is similar to ours. There defendant conceded that in the absence of such a statute Lorch could recover damages from Eglin for injuries sustained as a result of the latter's negligence, since no person may negligently injure another without being responsible for damages. They contended that under that statute Lorch, to sustain a cause of action, must establish that Eglin was not merely negligent but grossly negligent or guilty of a wilful and wanton disregard of Lorch's safety, and plaintiff admitted that the testimony as to Eglin's negligence did not measure up to such a requirement. "The reason, however, why this contention is without merit," the court said, "is that Lorch was not a *guest* in the car. He was riding in his own automobile, and, while apparently there was no direct decision of a Virginia court covering such a situation, there can be no doubt as to the proper judicial interpretation of the statute applicable to the present circumstances." (Citing cases.) It then said (quoting from *Beam* v. *Pittsburgh Rys. Co.,* 366 Pa. 360, 372 [77 A.2d 634, 640]):

" 'It would be flying in the face of all the authorities to hold that merely by allowing Shook (the friend of the owner) to drive the car Beam (the owner) made him a bailee of the automobile and completely abnegated his right of control over the operation of his own car. Plaintiff's statement of claim alleged that Beam was a 'guest passenger' but there is not a word of testimony to indicate that Beam had relegated himself to the status of a 'guest' in his own automobile and had

actually bailed or turned over to Shook the car and the exclusive charge and control thereof.' "

It then stated that the same conclusion was reached in Connecticut in *Gledhill* v. *Connecticut Co.*, 121 Conn. 102, 105-106 [183 A. 379], where it was held that:

"As used in the statute the term [guest] imports that the person riding in a motor vehicle is a recipient of the hospitality of the owner or driver. . . . To hold that if the owner of an automobile is riding therein and a friend is driving, the owner is the guest of the friend simply because the friend is driving, would be to import into the statute a meaning not expressed by the Legislature." (Citing *Anderson* v. *Burkardt*, 275 N.Y. 281, 283 [9 N.E.2d 929], where the court said: "It [the 'guest rule'] does not apply . . . to the owner who is being driven in his own car; he is no guest.")

The court then said:

"Accordingly it is clear that Lorch did not come within the terms of the statute which would have made it necessary for him to prove more than ordinary negligence on the part of Eglin in order to establish his cause of action."

See also *Crawford* v. *Foster*, 110 Cal.App. 81 [293 P. 841], which held that a guest ". . . is one who is invited, either directly or by implication, to enjoy the hospitality of a driver of a car. . . ."

To the same effect is Restatement, Torts, section 490, comment (a). See also *Hayes* v. *Harry*, 183 Cal.App.2d 412 [6 Cal.Rptr. 671].

In *Ledgerwood* v. *Ledgerwood*, 114 Cal.App. 538 [300 P. 144], it was held (in No. 4 syllabus):

"Where an injured party brings an action against the driver based on negligence, his right of recovery should not be defeated by the fact that he is the owner of the car, or the principal or employer of the driver, or engaged in a joint enterprise with the driver; and even though he may be charged with contributory negligence if there is actual negligence, the negligence of the driver may not be imputed to him."

See also *Johnson* v. *Hetrick*, 300 Pa. 225 [150 A. 477], where it is said:

"The controlling principle is simply that, be it a case of master and servant, co-servants, principal and agent, or participants of any character in a common or joint enterprise, no person may negligently injure another without being responsible for damages."

It is obvious that although plaintiff, as owner, had a right to invite defendant to enjoy his hospitality and ride in his automobile, defendant had no such right. Plaintiff, as owner, had a right to become an occupant of his automobile at any time with or without permission or invitation of the defendant. Any invitation by defendant to plaintiff to ride in his own automobile was meaningless. No bailment or other exception was established or found by the trial court. Under this conclusion, the common-law right of action remained in plaintiff. Furthermore, there was no additional testimony presented at the second trial of the instant case to indicate that plaintiff was in fact a guest in his own automobile and this was the conclusion reached in the prior case of *Ahlgren* v. *Ahlgren, supra.* (See also *Williamson* v. *Fitzgerald,* 116 Cal.App. 19 [2 P.2d 201] ; *Allen* v. *California Mutual B. & L. Assn.,* 22 Cal.2d 474, 481 [139 P.2d 321] ; 4 Cal.Jur.2d 591; Annotation 65 A.L.R.2d 312; *Gage* v. *Chapin Motors, Inc.,* 115 Conn. 546 [162 A. 17] ; *Gledhill* v. *Connecticut Co., supra,* 121 Conn. 102 [183 A. 379] ; *Naphtali* v. *Lafazan,* 7 Misc.2d 1057 [165 N.Y.S.2d 395] ; *Collie* v. *Aust,* 173 Cal.App.2d Supp. 793 [342 P.2d 998].)

Counsel has conceded negligence on the part of defendant. Considering the other concessions made and the testimony of the injuries resulting from the accident, the judgment should be affirmed.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 30, 1960.