[Civ. No. 503. Fifth Dist. Dec. 8, 1965.]

LOUISE STACEY, Plaintiff and Appellant, v. LESLIE AMEY et al., Defendants and Respondents.

<hr>

Linneman, Burgess, Telles & Van Atta and James E. Linneman for Plaintiff and Appellant.

Chinello, Chinello & Maddy and John D. Chinello, Jr., for Defendants and Respondents.

STONE, J.—Plaintiff appeals from an adverse judgment entered pursuant to a defense verdict in an action for personal injuries, based upon the contention that plaintiff was a passenger, rather than a guest, in defendant Amey's pickup when it was involved in an accident while being driven by defendant McCallister.

Plaintiff accompanied defendant McCallister on a pleasure trip from Chowchilla to defendant Amey's house near Fresno. Upon arriving, plaintiff went inside the house and watched television until defendant McCallister came in and asked if she wanted to go to a store and get some watermelons. Plaintiff replied that she did, and they both went outside and got into defendant Amey's 1963 Falcon pickup truck.

Amey was in the hay hauling business and his employees were hauling hay from a field some 2 miles beyond the stand where plaintiff and defendant McCallister were going for watermelons. As they were about to leave, Amey asked them to go by the field and have an employee send weight and bale counts. They did not understand him, so plaintiff asked what he had said, and he repeated the request. The two girls, defendant McCallister driving, proceeded some 2 miles south to a watermelon stand and purchased two melons. They then drove another 2 miles south and a half mile west to the hayfield. Amey's employees were not there, and the two girls commenced the return trip to defendant Amey's house.

Defendant McCallister drove through a stop sign at an intersection approximately 1 mile south of the melon stand,

and struck a car. Plaintiff suffered injuries, and brought this action against defendant McCallister as driver and defendant Amey as owner of the pickup.

 Plaintiff first contends the undisputed facts disclose that she was on an errand for defendant Amey and therefore as a matter of law was a passenger in his truck, and that this is the only reasonable conclusion that can be reached. However, the evidence was conflicting as to the motivating influence for her being in the vehicle. For example, plaintiff testified: ''I was riding along with Ella to the watermelon stand and as far as going to the field, as far as my knowing, I was going to deliver the message to Nimrod for Leslie. As far as I know, I didn't have any other reason for being there—to be at the field.'' At another point, in answer to the question, ''When you drove with Ella to the field, after you had gotten your watermelon, you were driving along with her because she was your friend and you were riding along with friendship in mind and as a companion with her, isn't that correct,'' she answered, ''Yes.''

We cannot say from a review of the record that the facts, even those most favorable to plaintiff, give rise to but one reasonable conclusion; rather, the question whether plaintiff was a passenger or a guest was a question of fact properly submitted to the jury. (*Whitmore* v. *French,* 37 Cal.2d 744, 746 [235 P.2d 3]; *Kruzie* v. *Sanders,* 23 Cal.2d 237 [143 P.2d 704]; *Martinez* v. *Southern Pac. Co.,* 45 Cal.2d 244, 250 [288 P.2d 868].)

 Plaintiff contends instructions concerning her status, whether a guest or a passenger, erroneously advised the jury that where ''the driver or his principal receives a tangible benefit, monetary or otherwise, which is *the* motivating influence for furnishing the rider's transportation, the rider is a passenger, not a guest.'' The same objection is made to a similar instruction: ''To help in determining whether the plaintiff was a guest or a passenger, you should decide what *the* motivating influence was for furnishing the plaintiff rider transportation.''

Plaintiff asserts that in each instance the court erred by using the definite article ''the'' rather than the indefinite article ''a.'' Her contention is that use of the definite article misled the jury to believe there was but a single motivating influence and they could not find for her unless a benefit conferred on defendant Amey was the only motive for the ride. Precisely this question was analyzed and thoroughly discussed in *Gillespie* v. *Rawlings,* 49 Cal.2d 359, at page 364

[317 P.2d 601], as follows: "The cases which use the phrase 'a motivating influence' and those which use the phrase 'the motivating influence' do not, because of this difference in phraseology, state different principles. The thought conveyed by both groups of cases is that the tangible benefit, not mere pleasure, kindness, or friendship alone, must be the *principal inducement* for the ride to constitute compensation." (Italics added.) (See also *Hayes* v. *Harry,* 183 Cal.App.2d 412, 416 [6 Cal.Rptr. 671].)

Under the facts of this case there were only two motives brought out by the evidence: one, friendship or companionship; the other, to convey a message for defendant Amey. The import of the instructions was to advise the jurors they were to determine whether defendants furnished the transportation and plaintiff accepted it out of mere pleasure, companionship or friendship of the parties, or whether plaintiff accepted the ride to confer a benefit upon defendant Amey at his request. One or the other was the "principal inducement." We think the instructions given in the light of the facts of the case clearly stated the issue the jurors were to determine. Use of the definite article rather than the indefinite did not constitute reversible error.

█ Plaintiff contends, also, that the court misinstructed the jury as to the physical aspects of the trip in relation to her motive; she argues that the jury should have been instructed to consider the trip in segments and to separately consider the motivating influence for each segment. In essence, plaintiff argues that the trip to the melon stand and from the melon stand back to Amey's home was motivated solely by friendship, and, as to that segment of the trip she was a guest. The other segment, from the melon stand to the hayfield, and back to the melon stand, argues plaintiff, constituted a separate or segmented portion of the trip during which she was a passenger since it was made solely for the benefit of defendant Amey. Plaintiff offered no instruction to this effect, and the trial court took the position that it was a single trip. The jury was instructed as follows: "You are instructed that where the driver and rider, before the commencement of the ride, agree that the ride was for more than one purpose, then, in determining whether the rider was a guest or a passenger, you must consider the ride in its entirety and not as two separate and distinct rides, and you must also determine whether one or more of the purposes for the ride was a motivating influence, or a minor consideration for

the entire ride. A minor consideration for the ride, under such circumstances, would not be a motivating influence for it.''

We find no error in the instruction, and note, parenthetically, that the court used the terminology ''a motivating influence,'' rather than ''the'' to which plaintiff takes exception. Whatever consideration or motivation influenced plaintiff to accompany defendant McCallister on the trip existed from the outset. If a benefit to defendant Amey was a motivating factor, that motivation was a fact in esse before the trip was commenced. The jury determined that such benefit was not the motivating influence.

In the context of this case, we find no error in the instructions given.

The judgment is affirmed.

Conley, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 2, 1966. Peters, J., was of the opinion that the petition should be granted.